1630

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Edwin C. Jones and J. Donnie Cox, Respondents.

(403 S.E. (2d) 151)

Court of Appeals

*J. Dwight Hudson* of *Hudson & Sweeny*, Myrtle Beach, *for appellant.*

*Linda Weeks Gwin* of *Thompson, Henry, Gwin, Brittain & Stevens*, Conway, *for respondents.*

Heard Jan. 21, 1991; Decided Mar. 11, 1991.

Rehearing Denied April 2, 1991.

BELL, Judge:

This is a declaratory judgment action to determine the scope of coverage under two automobile liability insurance policies. The circuit court held that the policy issued by State Farm Mutual Auto Insurance Company provided only excess coverage for the liability in question. North Carolina Farm Bureau Mutual Insurance Company appeals. We reverse.

The accident from which this lawsuit arises involved a pickup truck owned by J. Donnie Cox and a trailer owned by Edwin C. Jones. Cox insured the truck with Farm Bureau; Jones insured the trailer with State Farm. With Cox's permission, Jones was using the truck to pull his trailer when the trailer became unhitched and struck a car driven by Bill Gause in which Marilyn Gause was a passenger. The truck made no contact with the Gause car. Bill Gause and Marilyn Gause brought separate actions for damages as a result of the colli-

sion. Farm Bureau defended both Cox and Jones in the Gause actions. Farm Bureau settled the actions for $45,000.00. It then instituted this suit against State Farm to determine what coverage was available under the Cox and Jones policies.

The issue on appeal is whether the circuit court erred in holding that Farm Bureau is the primary carrier and State Farm is an excess carrier under the terms of the two policies.

The parties agree on several points relevant to this case. There is no dispute that an accident involving a truck and a trailer used as a unit arises out of the use of *both* vehicles regardless of which part of the unit is actually involved in the accident. *Canal Insurance Co. v. State Automobile Insurance Association,* 433 F. (2d) 373 (5th Cir. 1970). Likewise, the parties agree that in this case both policies insured the operation of the truck and trailer by Jones. They also agree that as a general rule when two policies extend coverage to the operation of a vehicle, the policy insuring the liability of the owner of a described vehicle has the first and primary obligation. *American Surety Co. of New York v. Canal Insurance Co.,* 258 F. (2d) 934 (4th Cir. 1958); *cf., State Automobile Insurance Co. v. Stuart,* 287 S.C. 235, 337 S.E. (2d) 698 (Ct. App. 1985). Thus, Cox's policy with Farm Bureau provides primary coverage.

The dispute turns on Farm Bureau's contention that Jones's policy with State Farm also provides primary coverage. *See Pennsylvania Threshermen & Farmers' Mutual Casualty Co. v. Drake,* 207 F. Supp. 91 (W.D.S.C.), *aff'd in part, rev'd in part sub nom. Pennsylvania Threshermen & Farmers' Mutual Casualty Co. v. Hartford Accident & Indemnity Co.,* 310 F. (2d) 618 (4th Cir. 1962).

■ A reading of the two policies leads us to the conclusion that Jones's policy with State Farm provides additional primary coverage, not excess coverage.

The State Farm policy extends coverage to the use by Jones of a non-owned car. It also provides coverage for a trailer owned or used by Jones. However, the policy states: "If . . . a non-owned car or a trailer . . . has other vehicle liability coverage on it, then this coverage is excess." To determine whether Jones had "other vehicle liability coverage," one must look to the Farm Bureau policy to see what coverage it afforded Jones.

In its insuring agreement, the Farm Bureau policy provides:

> We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. * * * *
>
> "Covered person" as used in this Part means:
>
> * * * * * *
>
> 2. Any person using your covered auto.
>
> * * * * * *
>
> 4. For any auto or trailer, other than your covered auto [including, "Any trailer you own"], any person . . . but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this part. This provision applies only if the person . . . does not own . . . the auto or trailer.

The Farm Bureau policy did not cover Jones for the trailer, because he owned it. Thus, under the terms of State Farm's own policy, its coverage of the trailer was not excess coverage. In this situation, the pro rata clauses of both policies apply and each company would cover 50% of the liability.

State Farm argues that this interpretation violates the rule that a truck and trailer are to be treated as a unit for the purpose of determining liability for the accident. This argument is misplaced.

The question in this case is not liability for the accident, but the scope of coverage under the policies. All agree that Cox, as the owner of the truck, and Jones, as the driver, were liable to the Gauses, even though only the trailer struck the Gause car. Both policies have separate and distinct coverage provisions for the truck and the trailer. Coverage of a trailer in both policies is defined in terms of ownership and use of the vehicle, not the "unit" rule.

When a dispute arises over an insurer's liability to cover a given loss, the written insurance contract must be read to ascertain the precise duties undertaken by the insurer. Like contracts in general, the insurance agreement must be enforced according to its terms. *Torrington v. Aetna Casualty & Surety Co.*, 264 S.C. 636, 216 S.E. (2d) 547

(1975); *Quinn v. State Farm Mutual Automobile Insurance Co.*, 238 S.C. 301, 120 S.E. (2d) 15 (1961).

The cases on which State Farm relies,[1] are all distinguishable, because they involved different facts and different language in the insurance policies. According to the terms of the insurance policies in this case, State Farm's coverage of the trailer was not excess coverage. Therefore, as the primary insurer of the trailer, it was obligated to pay the damages arising from the accident involving the "unit" of which the trailer was a part. Enforcing the terms of the policies gives effect both to the insurance contracts, which are the basis for determining coverage, and to the "unit" rule, which is the basis for holding Cox and Jones liable for the accident.

Reversed.

SANDERS, C.J., and GARDNER, J., concur.

---

[1] *Wrenn & Outlaw, Inc. v. Employers Liability Assurance Corp.*, 246 S.C. 97, 142 S.E. (2d) 741 (1965); *American Interinsurance Exchange v. Commercial Union Insurance Co.*, 605 F. (2d) 731 (4th Cir. 1979), *cert. denied*, 445 U.S. 929, 100 S. Ct. 1316, 63 L. Ed. (2d) 762 (1980); *American Surety Co. of New York v. Canal Insurance Co.*, 258 F. (2d) 934 (4th Cir. 1958).