2146

UNISUN INSURANCE COMPANY, f/k/a American Mutual Fire Insurance Company, Appellant v. FIRST SOUTHERN INSURANCE COMPANY, Respondent.

(443 S.E. (2d) 808)

Court of Appeals

*Stephen P. Groves, Young, Clement, Rivers & Tisdale,* Charleston, *for appellant.*

*Ruskin C. Foster, McKay, McKay, Henry & Foster,* Columbia, *for respondent.*

Heard Jan. 11, 1994. Filed March 7, 1994.

Amended & Ref. April 15, 1994. Reh. Den. April 21, 1994.

## ORDER

April 15, 1994

Opinion No. 2146, filed March 7, 1994, in the above appeal is hereby amended as follows: [Editor's Note: Amendments have been incorporated for purposes of publication.]

And it is so ordered.

/s/ William Howell, C.J.
/s/ Randall T. Bell, J.
/s/ Carol Connor, J.

CONNOR, Judge:

The issue in this declaratory judgment action was whether either or both of two policies provide primary insurance coverage on an automobile which had been involved in an accident. Unisun and First Southern each allege the other company provided primary liability coverage. The trial judge found Unisun and First Southern provided concurrent primary coverage on the vehicle and ordered both companies to pay prorata based on the respective policy limits. Unisun appeals. We reverse and remand.

On March 12, 1986, Peters was involved in an accident in Daytona Beach, Florida, in the Subaru which is the subject of this action. Peters was at fault. The driver of the other vehicle sued Peters in Florida. That case settled for $120,000. Unisun, then known as American Mutual, and First Southern each paid one-half of the settlement.

Unisun then filed a declaratory judgment in South Carolina seeking to recover all sums paid for Peters in the Florida litigation. It alleged First Southern had the duty to defend and indemnify as the primary insurer. First Southern counterclaimed requesting the same relief. As noted, the trial judge ruled both companies provided primary coverage.

Peters' use of the Subaru resulted from a deal his father had negotiated when he sold the Subaru Center in Charleston. As part of the sale, Henry Peters, Sr., received the use of three vehicles per year for ten years. During this time, First Southern issued Subaru Center a commercial garage liability insurance policy. Unisun issued Peters an almost identical policy. Henry A. Peters, Jr., was the named insured on the

Unisun policy and Subaru Center, Inc., was the named insured on the First Southern policy.

Our scope of review extends to corrections of errors of law or factual findings which are not reasonably supported by the evidence. *See Townes Assoc., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976). The dispositive issue on appeal is whether Peters' interest in the Subaru rose to the level of ownership. If Peters "owned" the Subaru, the Unisun policy would provide primary coverage. However, if Peters did not "own" the Subaru, the Unisun policy would provide excess coverage only, and the First Southern policy would provide primary coverage.

Under South Carolina law, "as a general rule, when two policies extend coverage to the operation of a vehicle, the policy insuring the liability of the owner of a described vehicle has the first and primary obligation." *North Carolina Farm Bureau Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 304 S.C. 110, 112, 403 S.E. (2d) 151, 152 (Ct. App. 1991), *cert. granted*, (July 24, 1991), *and appeal dismissed*, 306 S.C. 263, 411 S.E. (2d) 425 (1991).

Th language of the First Southern and Unisun policies is consistent with the general rule of law. Each policy provides:

> 1. For any covered auto you own this . . . policy provides primary insurance. For any covered auto you don't own, the insurance provided by this policy is excess over any other collectible insurance.
> 2. When two or more policies cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all policies covering on the same basis.

(Underscored emphasis added.) Neither policy defines the term "ownership."

Unisun argues Peters' interest in the vehicle amounted only to a lease. Section 56-1-10 of the South Carolina Code Annotated gives definitions for Title 56, which covers Motor Vehicles. The definition of owner specifically excludes a lessee:

> "Owner" means a person, other than a lienholder, having the property or title to a vehicle. The term includes a per-

son entitled to the use and possession of a vehicle subject to a security interest in another person, but *excludes a lessee* under a lease not intended as security.

S.C. Code Ann. § 56-1-10(3) (Supp. 1993) (emphasis added).

The only conclusion supported by the evidence under these facts is that Subaru Center owned the Subaru. The sales agreement provided Peters would keep each vehicle for approximately 6,000 miles. He was not responsible for providing insurance. Moreover, each vehicle retained dealer tags registered to Subaru Center. As Peters returned each vehicle, he was given another new vehicle. Subaru Center then sold the vehicle and retained the proceeds. Even though Peters had unlimited use and control of the Subaru during the "loaner" period, Subaru Center stipulated at trial it owned the vehicle. Therefore, the trial judge correctly characterized the relationship as a lease, but improperly found the lease amounted to co-ownership of the vehicle. Because Peters was a lessee, he was not an owner as a matter of law.

Because Subaru Center was the owner, First Southern provided the primary coverage on the Subaru and Unisun provided the excess coverage. Since First Southern's coverage is sufficient to pay the entire settlement in the Florida litigation, Unisun has no obligation to contribute toward the settlement. Accordingly, First Southern must reimburse Unisun for any insurance costs it has already paid.

Unisun initially argued it was entitled to reimbursement for costs in defending the Florida litigation. At oral argument, counsel for Unisun conceded Unisun is not entitled to recover those attorney fees and costs. *See Sloan Constr. Co. v. Central Nat'l Ins. Co.*, 269 S.C. 183, 236 S.E. (2d) 818 (1977).

For th foregoing reasons, the appealed order is reversed and remanded. The trial court shall enter judgment consistent with this opinion.

Reversed and remanded.

HOWELL, C.J., and BELL, J., concur.