GLOBE MUTUAL CASUALTY CO., APPELLANT, *v.* TEAGUE, ADMR., ET AL., APPELLEES.

[Cite as Globe Mutl. Cas. Co. v. Teague, 14 Ohio App. 2d 186.]

(No. 8771—Decided December 12, 1967.)

*Messrs. Hamilton, Kramer & Myers* and *Mr. Joseph R. Hague*, for appellant.
*Messrs. Summer, Hoffman & Bowsher* and *Mr. John L. Roof*, for appellees.

TROOP, J.   One Elbert Dwain Teague had a long record of traffic violations resulting in the suspension of his driver's rights under the point system.   His operator's license was restored after a required test and the certification of financial responsibility as required by statute. Plaintiff, Globe Mutual Casualty Company, issued a so-called "owner's policy" of insurance naming Teague as the insured, but only an insured while in the operation of his own car, specifically a 1963 Ford Galaxie.   The certification of financial responsibility was made in connection with the issuance of this policy.

On December 24, 1964, Teague was involved in an accident while driving a 1964 Chevrolet Biscayne owned by his wife, Patricia Ann Teague, also an insured of Globe

under a policy covering her Chevrolet but specifically denying coverage of the car if driven by her husband, Elbert Dwain Teague. While driving Mrs. Teague's Chevrolet Mr. Teague collided with the automobile of James Allen and Alice Chance, who presented personal injury and property damage claims to the administrator of the estate of the now deceased Teague.

Globe instituted an action in the Common Pleas Court for a declaratory judgment establishing the possible rights of the various parties to the suit under the above-mentioned policies of insurance arising out of the collision of December 24, 1964. Plaintiff included a request for a finding as to duty to defend as well as responsibility for the payment of possible judgments. The estate of Teague, by the personal representative, the wife, Patricia Ann, the Chances and the passengers in their car, were made parties defendant.

Cross-motions for summary judgment were filed. In spite of the language used in the motions, the case is one submitted to the trial court on the pleadings and a stipulation of facts. The trial court entered judgment for the defendants, holding that the plaintiff was obligated to defend the estate of Teague under the policy issued to him (Policy No. AC-61316) and to respond in damages to the limits provided by the Financial Responsibility Act if Teague was negligent in the collision and judgments were obtained as a result. The judgment entry was filed April 11, 1967, and this appeal is taken therefrom on questions of law.

Appellant, Globe, assigns but one error, to wit, the judgment of the trial court is contrary to law. The trial court held the plaintiff liable to respond in damages under the financial responsibility statute by virtue of certification to the Bureau of Motor Vehicles following the issuance of an owner's policy of insurance to the now deceased Teague. Our question is quite direct—did the trial court err in so holding?

An examination of the cases cited by plaintiff in support of this appeal leads to the conclusion that the question of policy limitations has been litigated in supplemental

petition situations and in a variety of other cases, but no decision squarely faces or settles the question posed by the instant case. Plaintiff, in effect, takes the position here that policy limitations are sufficient to nullify liability under financial responsibility certification. This discussion is directed to that thesis.

The nucleus of plaintiff's argument is found in Section 4509.01, Revised Code, the definitions section of Chapter 4509, dealing with financial responsibility. Language used in subsection (L) should be noted carefully. It reads in part as follows:

" 'Motor-vehicle liability policy' means an 'owner's policy' or an 'operator's policy' of liability insurance, certified as provided in Section 4509.46 or 4509.47 of the Revised Code as proof of financial responsibility, and issued * * * to or for the benefit of the person named therein as insured."

Note the language—proof of financial responsibilty "to or for the benefit of the person named therein as insured."

Requirements for an owner's policy are set out in Section 4509.51, Revised Code, which says that the policy shall designate by specific description the motor vehicles covered and shall insure the person named therein, or others using them, as insured. There are other provisions, but these two provide the basis for Globe's position in the instant case.

The policy issued to Teague described only one Ford automobile, the one owned by Teague himself. Coverage was for Teague and only while he was driving his own automobile. Therefore, says Globe, there is no coverage for Teague while driving another car, in this instance the Chevrolet belonging to his wife, by way of financial responsibility or otherwise. The argument offered to sustain this line of argument is buttressed by contention that the Bureau of Motor Vehicles has consistently accepted and approved this kind of a financial responsibility contract.

If the sections cited by Globe are accepted and remaining sections, especially others in the financial responsibility

chapter, are ignored, the tenability of the position of the company is at least plausible. It is necessary to examine the law dealing particularly with financial responsibility to get perspective as to the purpose of the law and the device by which it is accomplished.

The statutory burdens required of Teague and his insurance company come from a composite of provisions in the law. Teague had his driver's license suspended. He was subject, therefore, to the provisions of Section 4507.41, Revised Code. Applicable parts are as follows:

"Any person whose license or permit is suspended * * * is not eligible * * * to have his license returned, until he has been examined * * * and has been found by the registrar to be qualified to operate a motor vehicle, and until such time that he gives and maintains proof of financial responsibility, in accordance with the provisions of Sections 4509.01 to 4509.78, inclusive, of the Revised Code."

It is a driver's license that is being restored after the person proves he can drive an automobile—any automobile. Financial responsibility is required to cover the driving of any motor vehicle, not just a named automobile. Being able to successfully pass an operator's test and give and maintain proof of financial responsibility are specific conditions precedent to securing the return of a suspended driver's license. Teague passed the test. The concern here is as to financial responsibility. The requisites of financial responsibility and methods of accomplishing them are set out in Chapter 4509, Revised Code.

The survey of important provisions as to financial responsibility begins with the definitions section, being Section 4509.01, Revised Code, this time not subsection (L) but subsection (K), a part of which is as follows:

" 'Proof of financial responsibility' means proof of ability to respond in damages for liability, on account of accidents occurring subsequent to the effective date of such proof, arising out of the ownership, maintenance, or use of a motor vehicle * * *."

The limits of liability for bodily injury and property damage are also included in the paragraph.

Next, Section 4509.45, Revised Code, is noted. It

provides that proof of financial responsibility "may be given by filing * * *: ·

"(A) A certificate of insurance as provided in Section 4509.46 or 4509.47 of the Revised Code;

"* * * *."

There is no reference to an insurance policy of any kind in the section, only a certificate of insurance. Since Section 4509.47, Revised Code, applies to nonresidents, Section 4509.46 becomes controlling. Part of that section is as follows:

"Proof of financial responsibility may be furnished by filing with the registrar of motor vehicles the written certificate of any insurance carrier authorized to do business in this state certifying that there is in effect a motor-vehicle liability policy for the benefit of the person to furnish proof of financial responsibility. * * *"

Note again—"for the benefit of the person," not limited to the use of one automobile.

There is no real conflict between the requirements of this section and those upon which Globe relies. A motor-vehicle liability policy is one issued "for the benefit of the person named therein as insured" and "certified as provided in Section 4509.46 * * * of the Revised Code as proof of financial responsibility." (Section 4509.01 (L), Revised Code.)

That motor-vehicle liability policies provide at least two distinct coverages is suggested by a number of the sections considered, but it is nowhere quite so clearly set out as in Section 4509.49, Revised Code, which is as follows:

"Every motor-vehicle liability policy shall set forth the name and address of the insured, the coverage afforded by the policy, the premium charged, the policy period, the limits of liability, *and shall contain an agreement* or be indorsed *that insurance is provided* in accordance with the coverage defined in Sections 4509.01 to 4509.78, inclusive, of the Revised Code, *with respect to bodily injury and death or property damage, or both, and is subject to such sections.*" (Emphasis added.)

The law is careful to provide against cancellation without notice. Section 4509.57, Revised Code, says:

"When an insurance carrier has certified a motor-vehicle liability policy under Section 4509.46 or 4509.47 of the Revised Code, *the insurance so certified shall not be canceled* * * *." (Emphasis added.)

There can be no question as to the determination of legislative intent if the broad view presented by these and other financial responsibility sections is read carefully. The issuance of a policy covering liability of an owner or operator is one act, and the certification by the insurer of the necessary financial responsibility which a named person must provide is a separate and distinct act, although it may be incidental to the issuance of the liability policy.

Financial responsibility does not and cannot be attached to a named automobile. People, named persons, who must provide proof of financial responsibility are the subjects of certification to the bureau by insurance carriers. In the record before this court there is no showing that a policy of insurance is ever furnished the bureau. There is, however, a copy of a financial responsibility form, used by Globe, in the file of the Bureau, Safety Responsibility Division, the file stipulated in evidence, a section of which reads as follows:

"Financial Responsibility Insurance Certificate

"The company signatory hereto hereby certifies that it has issued to the above named insured a motor vehicle liability policy as required by the financial responsibility laws of this state, which policy is in effect on the effective date of this certificate.

"Globe Mutual Casualty Company"

The certificate is signed by an authorized representative of Globe and the name of the insured is Elbert Dwain Teague.

Language used in paragraph 10 of the section of the sample policy attached to plaintiff's petition entitled "Conditions" deserves at least passing notice. It indicates that the insurer was not totally unaware of the significance of certification as proof of financial responsibility for future personal injuries or property damage which follow that certification. After calling attention to policy limits and

restrictions, as if in anticipation of potential liability from the broader coverage engendered by financial responsibility certification, the paragraph closes as follows:

"The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

The reference to the "agreement contained in this paragraph" clearly refers to and establishes the distinct identity of the contract to furnish by certification financial responsibility coverage.

There is no case law available that resolves completely the question presented by the instant case. Incidental reference to financial responsibility situations appears in *Moyer, Admx.,* v. *Aron* (1964), 175 Ohio St. 490, and to the case to which Judge O'Neill refers in his opinion at page 493, *Iszczukiewicz* v. *Universal Underwriters Ins. Co.* (1960), 182 F. Supp. 733. The federal case is one in which a garage owner's liability policy was extended to cover one who took a used car for a test drive and had an accident resulting in injury. The borrower of the car was not an insured under the policy, but the District Court held the insurer to be liable under the state Financial Responsibility Act. It would seem that the fact that the policy involved contained a "Condition" essentially as set out above had much to do with the result reached by the court.

*Moyer, supra,* is also a test-drive case. Judge O'Neill, page 493, took issue with the decision in *Iszczukiewicz,* holding that the fact of a financial responsibility act should not have been used to expand the coverage of a policy where there had been no certification. There was no certification under the policy involved in *Moyer,* and the court followed strictly the terms of the policy. How much significance the court may have attached to the matter of certification can only be surmised. This court would like to avoid "reading in" particular meaning to the language employed, but the propositions seem to bear on the present problem. The statement is, as follows:

" * * * there is no showing in the record that the poli-

cy was ever 'certified' to make it comply with the Financial Responsibility Act. Until such certification, the policy remains as issued, and all terms, conditions, and definitions, including the definition of who is an 'insured,' remain unchanged.''

The language employed in paragraph two of the syllabus is even more explicit. It is as follows:

''A person is not an insured under an automobile insurance policy unless such person is defined as an insured by the terms of the policy, except where such policy has been 'certified' under the provisions of Section 4509.46, Revised Code, and thereby the definition of who is an 'insured' under the policy has been modified to conform to the provisions of the statute. (Section 4509.51, Revised Code.)''

In the instant case certification was accomplished and, according to *Moyer,* the term ''insured'' under the policy was modified to conform to the provisions of the financial responsibility statute.

There is no conflict between the various sections of the law. The intent of the Legislature is clear. Proof of financial responsibility is accomplished by an insuring company through certification. A separate agreement with a person to provide financial responsibility when that person is required by law to supply it is effective upon certification without regard to limitations contained in the policy to which it is incidental.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DUFFEY, P. J., and HERBERT, J., concur.