433 So.2d 1299 (1983)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellants,
v.
Loyce LESLEY, As Personal Representative of the Estate of Carol Lynn Couvillion, Deceased, Appellee.
No. AO-154.
District Court of Appeal of Florida, First District.
June 30, 1983.
Rehearing Denied July 29, 1983.
Luke G. Galant, Jacksonville, for appellants.
*1300 Thomas R. Brown and Linda Miller Soud of Brown, Terrell & Hogan, Jacksonville, for appellee.
THOMPSON, Judge.
Lumbermens Mutual Casualty Company (Lumbermens) appeals a final judgment finding the "furnished or available" for regular use exclusion in the policy it had issued to Mr. Michael did not apply under the facts of this case, such that it did have coverage for the accident involved herein. We agree with Lumbermens that under the instant circumstances the "available for regular use" exclusion applied and that it did not have coverage for the instant accident under Mr. Michael's insurance policy. We therefore reverse.
On August 22, 1981 Mr. Michael was using Ms. Fraser's 1976 Oldsmobile to pull his boat and trailer on I-95 South. As a result of a flat trailer tire, Mr. Michael pulled into the emergency lane and stopped. While Mr. Michael was so parked, a vehicle driven by Mr. Gilliard collided with the boat and trailer and Mrs. Couvillion, a passenger in the Gilliard vehicle, was killed. Appellee, as personal representative of Couvillion's estate filed an amended complaint against Mr. Michael, Ms. Fraser, Liberty Mutual Insurance Company (Ms. Fraser's insurance company), Mr. Gilliard, and State Farm Mutual Automobile Insurance Company (Mr. Gilliard's insurance company). Lumbermens filed a motion to be added as a party defendant or for intervention, seeking judicial determination of whether its insurance policy issued on Mr. Michael's 1978 Toyota applied to this accident. Pursuant to a stipulation and settlement between the parties the trial court entered a final order dismissing all defendants except Lumbermens. The only issue remaining was whether Lumbermens' policy with Mr. Michael provided coverage under the instant circumstances. The trial court found Exclusion 9 did not apply and, pursuant to the stipulation, ordered Lumbermens to pay appellee, as personal representative of Couvillion's estate, $10,000.00.
The policy Lumbermens had issued to Mr. Michael contained the following relevant language:
PART A
LIABILITY COVERAGE
... .
EXCLUSIONS
We do not provide Liability Coverage:
... .
9. For the ownership, maintenance or use of any vehicle, other than your covered auto, which is owned by or furnished or available for your regular use.
(hereafter referred to as Exclusion 9). The record clearly establishes that Ms. Fraser's 1976 Oldsmobile was "furnished or available" for Mr. Michael's regular use. Accordingly, Exclusion 9 applies and Lumbermens is not liable to appellee under Mr. Michael's policy. Although we recognize the general rule that an insurance policy should be strictly construed in favor of the insured and against the insurer, this rule does not apply here since the language of Exclusion 9 is plain and unambiguous so as to leave no room for construction. See Southeastern Fidelity Insurance Co. v. Suwannee Lumber Manufacturing Co., Inc., 411 So.2d 950 (Fla. 1st DCA 1982); Travelers Insurance Co. v. C.J. Gayfer's & Co., 366 So.2d 1199 (Fla. 1st DCA 1979).
It is clear from the deposition testimony of Mr. Michael and Ms. Fraser that they had lived together without benefit of clergy for several years prior to the accident involved herein. However, this fact is not dispositive of the issue because the applicability of Exclusion 9 is not dependent on a husband-wife relationship. Mr. Michael said between the time they moved in together and the time of the accident he used Ms. Fraser's car at least once a week and sometimes more often. Although Mr. Michael would tell Ms. Fraser when he was going to use her car, he never had difficulty obtaining her permission to use her car. Indeed, Ms. Fraser indicated she had never refused a request by Mr. Michael to use her car. Although Mr. Michael did not have a set of keys to Ms. Fraser's car on his key ring, there was a separate set of keys in the house which was accessible to him. Accordingly, it is clear Ms. Fraser's vehicle was available for Mr. Michael's regular use such *1301 that under Exclusion 9 Lumbermens did not have liability for this accident under Mr. Michael's policy.
The disposition of the issue regarding the applicability of Exclusion 9 makes it unnecessary to address the remaining issue raised by Lumbermens. The judgment appealed is reversed.
ERVIN and WIGGINTON, JJ., concur.