1580

SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant v. Marvin WINDHAM, Jeanette Windham, Jean Adams, Hanover Insurance Company, Lycenia Prescott, both individually and as Personal Representative of the Estate of Lee A. Prescott, Deceased, Respondents.

(400 S.E. (2d) 497)

Court of Appeals

M.M. Weinberg, III, of *Weinberg, Brown & McDougall*, Sumter, *for appellant.*

*Jacob H. Jennings,* of *Jennings & Jennings,* Bishopville, and *Michael M. Nunn,* of *Coleman, Aiken & Chase,* Florence, *for respondents.*

Heard Nov. 14, 1990.

Decided Dec. 10, 1991.

CURETON, Judge:

This declaratory judgment action concerns liability insurance coverage. South Carolina Farm Bureau Mutual Insurance Company filed this action to determine whether it had any access or secondary liability coverage for an accident involving Lee A. Prescott. At the time of the accident, Prescott was driving a car owned by his mother, Lycenia Prescott. The car was insured by Hanover Insurance Company. Lee Prescott owned a van insured by Farm Bureau. Farm Bureau denied coverage for the accident due to an exclusion in its policy for nonowned vehicles. The trial judge sitting without a jury determined Farm Bureau provided excess liability coverage because his mother's car was not "available for regular use" by Lee Prescott. Farm Bureau appeals. We affirm.

On appeal of an action at law tried by the judge without a jury this court will review the factual findings to determine if there is any evidence to support them. *Patterson v. I.H. Services Inc.,* 295 S.C. 300, 368 S.E. (2d) 215 (Ct. App. 1988). In this case the only evidence presented was the policy provision and the deposition testimony of Lycenia Prescott.

The Farm Bureau policy excluded liability coverage for nonowned vehicles. The policy exclusion applied to autos *"available* (emphasis added) for the regular use" of the insured. Our courts have considered policy exclusions for autos "furnished for regular use." *Aetna Casualty & Surety Co. v. Sessions,* 260 S.C. 150, 194 S.E. (2d) 877 (1973); *Tollison v. Reaves,* 277 S.C. 443, 289 S.E. (2d) 163 (1982). Farm Bureau argues there is a distinction between the two

phrases. It argues the word "furnished" is a stricter standard implying the vehicle was given to the driver on a more or less permanent basis whereas "available" means the auto is simply within the reach of the driver and may be used at the driver's pleasure.

Farm Bureau attempts to create a distinction without a difference. The crucial matter is the "regular use" of the purported nonowned vehicle. As our cases have noted, the purpose of such clauses is to limit coverage to casual or infrequent use of an automobile other than the one defined in the policy. *Aetna Casualty*, 260 S.C. 150, 194 S.E. (2d) 877. In fact, use of the combined phrase "furnished or available for regular use" is not uncommon in liability policies.[1] Annotation, *When is automobile furnished or available for regular use within "drive other car" coverage of automobile liability policy*, 8 A.L.R. (4th) 387 (1981); Maybank, Boggs, Shaw, Suggs & Gray, *The Law of Automobile Insurance in South Carolina* IV-11, 12 (1989).

There is some evidence to support the trial judge's factual findings that the car was not subject to the exclusion for nonowned vehicles. Lee Prescott lived in a trailer on the same property as his mother's house. His van had been disabled for a few weeks. Lycenia Prescott had several automobiles including the car in issue. She testified she allowed Lee Prescott to drive her car if he needed to while his van was inoperable. The record does not specifically indicate how many times Prescott used the car before the accident. It is inferable he would seek permission to use the car and there is no indication he had his own set of keys. He had also obtained insurance from Farm Bureau on the van a few days before the accident. Under the record Farm Bureau failed to prove the use of the car was steady or regular as opposed to casual or infrequent.

Farm Bureau's other argument is the car falls within the nonowned vehicle exclusion because the policy does not apply to other autos owned by members of the insured's household. Farm Bureau asserts Prescott and his

---

[1] We note the case primarily relied upon by Farm Bureau interprets an exclusion utilizing the phrase "furnished or available for your regular use." *Lumbermens Mut. Casualty Co. v. Lesley*, 433 So. (2d) 1299 (Fla. Dist. Ct. App. 1983).

mother were members of the same household. The trial judge did not address this matter in his order. It does not appear to have been raised in the trial court. This court cannot address a matter not raised or ruled upon by the trial court. *Connolly v. People's Life Ins. Co. of S.C.*, 299 S.C. 348, 384 S.E. (2d) 738 (1989).

Affirmed.

SHAW and BELL, JJ., concur.

