444 S.E.2d 504 (1994)
STATE AUTO PROPERTY AND CASALTY INSURANCE COMPANY and Unisun Insurance Company, Plaintiffs,
v.
John E. GIBBS, Paula O. Gibbs, Ralph Sanders, Jr., May Sanders, Kathleen C. Sligh, David E. Sligh, Edith Wicker, Gene Workman and Allstate Insurance Company, Defendants,
of whom State Auto Property and Casualty Insurance Company is Appellant, and
Unisun Insurance Company, John E. Gibbs, Paula O. Gibbs, Ralph Sanders, Jr., May Sanders, Kathleen C. Sligh, David E. Sligh, Edith Wicker, Gene Workman and Allstate Insurance Company are Respondents.
No. 24077.
Supreme Court of South Carolina.
Heard December 9, 1993.
Decided May 23, 1994.
*505 R. Davis Howser, Charles E. Carpenter, Jr., and Deborah L. Harrison, all of Richardson, Plowden, Grier & Howser, P.A., Columbia, for appellant.
Edward W. Laney, IV, of Turner, Padget, Graham & Laney, P.A., Columbia, for respondent Unisun Ins. Co.
Tara H. Snyder, of Leatherwood, Walker, Todd & Mann, P.C., Greenville, for respondent Allstate Ins. Co.
Mark D. Chappel, of Harris & Graves, Columbia, for respondents May and Ralph Sanders.
Robert C. Brown, of Brown & Woods, Columbia, for respondents John and Paula Gibbs.
Melton Kligman, of Kligman & Fleming, Columbia, for respondent Edith Wicker.
William F. Patridge, Jr., Newberry, for respondents Kathleen and David Sligh.
Gene Workman, pro se.
TOAL, Justice:
In this declaratory judgment action, State Auto Property and Casualty Insurance Company ("State Auto") sued to determine its responsibility for an automobile accident where Unisun Insurance Company ("Unisun") insured the driver under a non-owner policy and State Auto insured the owner of the vehicle. The circuit court found State Auto liable on its owner's policy. We affirm.

FACTS
John and Paula Gibbs had been married 18 years and had three children at the time of the accident in October 1990. John Gibbs was driving Paula Gibbs' 1982 van while intoxicated and without a driver's license when the accident occurred. State Auto insured Paula Gibbs' automobile under an owner's policy and Unisun insured John Gibbs under a non-owner's policy.
When Paula Gibbs applied for liability insurance from State Auto, she completed and signed an application of insurance. On the application, Paula Gibbs gave her address as 814 James Street, Newberry, South Carolina. She listed her marital status as "single."
John Gibbs applied for a non-owner policy from Unisun Insurance Company. On his application for insurance, he gave his address as 204 Boundary Street, Newberry, South Carolina. The Boundary Street address is the address of John Gibbs' mother, Daisey Gibbs. That address is located approximately 4 blocks from the James Street address.
Paula Gibbs testified that she gets off of work every day and goes to her mother-in-law's home where the family eats dinner. The day before the accident, Paula Gibbs' van was not running properly when she arrived at her mother-in-law's home. John Gibbs agreed to take the van the next day and either fix it or have it fixed.
John Gibbs wrecked the van the next day while driving under the influence of alcohol and driving under suspension. The accident caused over $33,000.00 in injuries to others.
The trial judge found that John Gibbs was an "insured" under the State Auto policy as the spouse, living in the same household with Paula Gibbs, and that John Gibbs was a permissive user of the van. He further found that the exception in the Unisun policy relieved Unisun from any liability. The Unisun policy excepted liability for damage while driving a vehicle owned by the insured or a member of the insured's household. State Auto appeals.

LAW/ANALYSIS
An action to declare excess or secondary liability coverage is an action at law. *506 S.C. Farm Bureau Ins. Co. v. Windham, 303 S.C. 330, 400 S.E.2d 497 (Ct.App.1990). Thus, facts found by the trial judge sitting without a jury should "not be disturbed upon appeal unless found to be without evidence which reasonably support the judge's findings." Townes Associates, Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).
State Auto claims the trial judge erred in finding that John Gibbs was the spouse of Paula Gibbs and living in the same household such that he is an insured under the State Auto policy and S.C.Code Ann. § 38-77-30(6) (Rev.1989). Paula Gibbs testified that John Gibbs spent the night at his mother's home often during the 18-year marriage. She also testified that there was no divorce action filed nor was a divorce ever planned. While there was conflicting testimony as to the Gibbs' living arrangements, there was sufficient evidence for the trial judge to find that John Gibbs was Paula Gibbs' spouse and a member of the household such that he was an insured under the policy and under S.C.Code Ann. § 38-77-30(6) (Rev.1989).
Next, State Auto contends that the evidence does not support the trial judge's finding that John Gibbs drove the van with the reasonable belief that he had permission to do so. There was testimony that an extra set of keys was left at the mother-in-laws' house for John Gibbs' use. Paula Gibbs testified that she knew John Gibbs would probably drive the van in order to get it fixed. Although there was also evidence that John Gibbs was told not to drive the van while intoxicated, our standard of review is whether there is evidence which reasonably supports the trial judge's findings of fact. We find that while there was some evidence tending to show that John Gibbs did not have permission to drive the van, there was "evidence which reasonably supports the judge's [finding]," Townes, supra, that John Gibbs drove the van with a reasonable belief that he had his wife's permission to do so.
Finally, the trial judge ruled that the exclusion in Unisun's policy, which excluded coverage while the insured was driving an automobile owned by the insured or a member of the household, relieved Unisun from any liability in connection with the accident. We reach the same result as the trial judge for reasons set out herein.
South Carolina law is clear that liability to third parties under an owner's automobile liability policy is absolute when injury occurs. See S.C.Code Ann. § 56-9-20(7)(b)(1) (Rev.1991); see also S.C.Code Ann. § 56-9-20(7)(b)(3); Ferguson v. Employers Mut. Cas. Co., 254 S.C. 235, 174 S.E.2d 768 (1970). The validity of exclusions in a non-owner's policy purporting to exclude liability to third parties when the insured is driving an automobile owned by the insured or a member of the household has not been addressed by this Court under the revised Insurance Code[1] and revised Motor Vehicle Financial Responsibility Act.[2]
Originally, the S.C.Insurance Code defined Automobile Insurance as "automobile bodily injury and property damage liability insurance... written or offered by automobile insurance insurers." S.C.Code § 37-591 (Supp.1975). The definitional section was recodified as S.C.Code § 38-77-30 and the "Automobile Insurance" definition was amended to include a motor vehicle liability policy as defined in item (7) of § 56-9-20. Under S.C.Code Ann. § 56-9-20(7), a "motor vehicle liability policy" is defined as "[a]n owner's or operator's policy of liability insurance that fulfills all requirements of §§ 37-77-140 through XX-XX-XXX." [Emphasis added]. Thus, the legislature clearly intended "non-owner's" policies and automobile owner's policies to follow the same rules.
Further, S.C.Code Ann. § 56-9-20(7)(b)(1) (Rev.1991) provides "[t]he liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by the motor vehicle liability policy occurs." *507 The result is that the exclusion in Unisun's policy exclusion is probably invalid as to third parties.[3]See Jackson v. State Farm Mutual Automobile Insurance Co., 288 S.C. 335, 342 S.E.2d 603 (1986) (insurer may not avoid coverage required by statute); see also Globe Mut. Casualty Co. v. Teague, 14 Ohio App.2d 186, 43 O.O.2d 394, 237 N.E.2d 614 (1967) (where policy issued for purpose of meeting financial responsibility act to allow suspended driver to regain license, policy reformed to meet act by requiring coverage where insured driving wife's car). This question is not before us as it is not raised on appeal.
The Financial Responsibility Act, however, does not govern the responsibilities between two insurance companies. Assuming that Paula Gibbs made a material misrepresentation[4] to State Auto which, absent the Financial Responsibility Act, would allow State Auto to avoid liability, then both policies would be void as to each other.[5] In any case, both policies are collectible. Thus, the contribution provisions of the policies control the relationship between the insurers. See Pacific Ins. Co. of N.Y. v. Fireman's Fund Ins. Co., 247 S.C. 282, 147 S.E.2d 273 (1966). Both policies contain the following provision where there are two collectible insurance policies:
If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.
Thus, where the automobile is not owned by the insured, both policies claim to be excess carriers. As State Auto's insured owned the automobile and the Unisun's insured did not, Unisun becomes the excess insurer. See Id. Accordingly, we AFFIRM the trial judge for the reasons stated herein.
CHANDLER, Acting C.J., FINNEY and MOORE, JJ., and WALTER J. BRISTOW, Jr., Acting Associate Justice, concur.
NOTES
[1] S.C.Code Ann. § 38-77-10, et. seq.
[2] S.C.Code Ann. § 56-9-10, et seq.
[3] In Booth v. American Casualty Company of Reading, Pennsylvania, 261 F.2d 389 (4th Cir. 1958), the Fourth Circuit held that an insurer could avoid liability to a third party where the insured procured a non-owner policy through the assigned risk bureau for the purpose of having his driver's license restored and the insured was driving a car owned by the insured when the accident occurred. Booth has been cited several times by this Court for the proposition that an exclusion for owned vehicles is valid in a nonowner's policy. See Grain Dealers Mutual Ins. Co. v. Julian, 247 S.C. 89, 145 S.E.2d 685 (1965) (no coverage under non-owner's policy for injury to third party where vehicle owned by policy holder even though title not in policy holder's name); but see South Carolina Farm Bureau Ins. Co. v. Mumford, 299 S.C. 14, 382 S.E.2d 11 (Ct.App.1989) (exclusion from damages where injury results from intentional act not applicable to injury of third party); contra Pennsylvania Nat. Mut. Casualty Ins. Co. v. Dawkins, 551 F.Supp. 971 (D.S.C.1982) (insurer may exclude coverage for intentional injuries caused by its insured).

Booth and its progeny were decided under the prior statutes. The South Carolina District Court decision in Dawkins, supra and the South Carolina Court of Appeals decision in Mumford, supra reached different results. The Mumford decision recognized the evolving policy of the legislature in its continuing effort to require that all South Carolinian's have the ability to pay for injury caused on our highways.
[4] A material misrepresentation in an application for liability insurance is material "when the insured knows or has reason to believe that it will likely affect the decision of the insurance company as to the making of the contract of insurance or as to its terms." Southern Farm Bureau Cas. Ins. Co. v. Ausborn, 249 S.C. 627, 638, 155 S.E.2d 902, 908 (1967).
[5] This issue was not litigated below. Mrs. Gibbs testified that she did not know of her husband's driving record of driving while intoxicated. We can reasonably assume, however, that after eighteen years and three children, she knew she was married. Further, given Mr. Gibbs' driving record, State Auto could have excluded Mr. Gibbs or charged a higher premium.