[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellee, Progressive Insurance Company ("Progressive"). For the reasons that follow, we affirm the decision of the trial court.
The relevant facts are as follows. On July 29, 1997, appellant, Jerry Tingley, Jr., was operating appellant Linda Tingley's 1986 Cutlass Ciera when he was involved in an automobile accident with Kent Jones. Tingley, Jr. was issued a citation.
On the date of the accident, Tingley Jr. was a named insured under his mother Linda Tingley's Progressive auto policy.[1] The policy provided coverage for Mrs. Tingley's 1993 Ford Thunderbird, not for the Ciera which was insured under a Motorist Mutual ("Motorist") insurance policy. Tingley, Jr. was excluded from coverage under the Motorist policy.
When Mrs. Tingley and Tingley, Jr. first met with the Progressive agent, they asked that an SR-22 Financial Responsibility Certificate be issued on behalf of Tingley, Jr. due to his driving record. The SR-22 form, effective April 1, 1997, indicates that Tingley, Jr. was covered under an owner's policy for the Ford Thunderbird and an operator's policy: "Applicable to any non-owned vehicle." Progressive paid $12,700 to Kent Jones as a result of the accident and requested reimbursement based upon the SR-22 filing and the reimbursement provision in the policy.
On November 10, 1999, Progressive filed the complaint in this matter seeking reimbursement.[2] Appellants filed a counterclaim for bad faith and requested damages.
The parties filed cross-motions for summary judgment, and on November 15, 2001, the trial court granted judgment in favor of Progressive. This appeal timely followed.
Appellants now raise the following four assignments of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS IN GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT, BECAUSE INCLUSION OF REIMBURSEMENT LANGUAGE PURSUANT TO O.R.C. 4509.55(B) AND THE FILING OF A SR-22 FORM DO NOT CONVERT AN INSURANCE POLICY TO A BOND.
 "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS IN GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT, BECAUSE AN INSURER'S UNILATERAL MISTAKE CONCERNING COVERAGE ON A SR-22 FORM DOES NOT CREATE A RIGHT OF REIMBURSEMENT AGAINST ITS INSUREDS.
 "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS IN GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT, BECAUSE PLAINTIFF/APPELLEE FAILED TO ESTABLISH ITS DAMAGES AS A MATTER OF LAW.
 "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS/APPELLANTS IN GRANTING PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT, BECAUSE DEFENDANTS/APPELLANTS ESTABLISHED BAD FAITH ON THE PART OF PLAINTIFF/APPELLEE AS A MATTER OF LAW."
Appellants' first two assignments of error are related and will be discussed concurrently. In the assignments of error, appellants argue that the trial court erroneously granted summary judgment based upon its finding that the SR-22 filing was a bond and, resultantly, that Progressive had a right to reimbursement.
At the outset we note that an appellate court reviews a trial court's ruling on a summary judgment motion de novo. Conley-Slowinski v.Superior Spinning Stamping Co. (1998), 128 Ohio App.3d 360, 363. To succeed on a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that:
"(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679.
A party claiming to be entitled to summary judgment on the grounds that a nonmovant cannot prove his or her case bears the initial burden of specifically identifying the basis of its motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact as to an essential element of the nonmovant's case.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant satisfies this burden by presenting competent summary judgment evidence, of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmovant has no evidence to support his or her claims. Id. Once the movant satisfies this initial burden, the burden shifts to the nonmovant to produce specific facts, in the manner prescribed by Civ.R. 56(E), indicating that a genuine issue exists for trial. Id. Accord Vahila v.Hall (1997), 77 Ohio St.3d 421, 429-430; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 114-115.
Appellants' primary argument is that the trial court erroneously considered the SR-22 filing to be a bond. It is undisputed that Tingley, Jr. was required to demonstrate proof of financial responsibility as a condition for the reinstatement of his driver's license. In Ohio, proof of financial responsibility may be shown by filing any of the following:
 "(A) A financial responsibility identification card as provided in section 4509.104 of the Revised Code;
 "(B) A certificate of insurance as provided in section 4509.46 or 4509.47 of the Revised Code;
 "(C) A bond as provided in section 4509.59 of the Revised Code;
 "(D) A certificate of deposit of money or securities as provided in section 4509.62 of the Revised Code;
 "(E) A certificate of self-insurance, as provided in section 4509.72 of the Revised Code, * * *
 "Such proof shall be filed and maintained for five years from the date of suspension of operating privileges by the registrar of motor vehicles." R.C. 4509.45.
The parties do not dispute that Mrs. Tingley requested and Progressive filed an SR-22 certificate of insurance form with the Ohio registrar of motor vehicles. Such filing is provided for under R.C. 4509.46 which states, in part:
 "Proof of financial responsibility may be furnished by filing with the registrar of motor vehicles the written certificate of any insurance carrier authorized to do business in this state certifying that there is in effect a motor-vehicle liability policy for the benefit of the person to furnish proof of financial responsibility. * * *."
Appellants argue that the above-quoted sections demonstrate that, unlike the trial court's findings, the purpose of the SR-22 filing was to show coverage under the insurance policy, not to issue a bond.
Upon review of the relevant statutory and case law, we agree with appellants' contention inasmuch as the SR-22 filing did not act to issue a bond, per se. However, concomitantly, we find that the SR-22 did not merely act as notification of the motor vehicle policy.
This issue was addressed in Globe Mut. Cas. Co. v. Teague (1967),14 Ohio App.2d 186. In Teague, the insured, Elbert Teague, was required to have proof of financial responsibility due to a suspension of his driving privileges. Id. at 187. Teague had an owner's policy with Globe Mutual Casualty Company limited only to the operation of a particular vehicle. Id. Globe provided a certificate of financial responsibility in connection with the issuance of the policy. Id.
Teague was involved in an accident while driving a vehicle owned by his wife, also insured by Globe but specifically denying coverage of the car if driven by Teague. In determining that Globe was required to provide coverage under the certificate of insurance, the court noted that R.C.4509.46 provides that a certificate of insurance must show that there is in effect a motor vehicle liability policy "`for the benefit of the person.'" The court interpreted this section, and the purpose of the financial responsibility act, in toto, as not limiting coverage to the use of one vehicle; rather, "[p]eople, named persons, who must provide proof of financial responsibility are the subjects of certification to the bureau by insurance carriers." Id. at 192.
The Teague court concluded that:
 "There is no conflict between the various sections of the law. The intent of the Legislature is clear. Proof of financial responsibility is accomplished by an insuring company through certification. A separate agreement with a person to provide financial responsibility when that person is required by law to supply it is effective upon certification without regard to limitations contained in the policy to which it is incidental."
Id. at 194.
See Progressive Cas. Ins. Co. v. Noykos (May 20, 1985), Hancock App. No. 5-83-36; Jones v. Progressive Cas. Ins. Co. (Oct. 25, 1983), Stark App. No. CA 6188.
In the present case, the SR-22 form provided that Tingley, Jr. would be covered under an owner's policy for the Ford Thunderbird, and an operator's policy which included any non-owned vehicle. Under the reasoning of Teague, supra, the fact that the underlying policy provided coverage only if Tingly, Jr. was operating the Thunderbird is incidental to the certificate of insurance which was required to certify that Tingley, Jr. was covered regardless of the vehicle he was operating. Thus, while the certificate of financial responsibility was not technically a bond, it operated as such when it provided coverage for Tingley Jr. as to a vehicle not covered in the policy.
Regarding appellants' second assignment of error challenging the trial court's award of reimbursement, the Progressive policy provides in relevant part:
"FINANCIAL RESPONSIBILITY LAWS
 "When we certify this policy as proof of financial responsibility, this policy will comply with the law to the extent required. You must reimburse us if we make a payment that we would not have made if this policy was not certified as Proof of Financial Responsibility."
(Emphasis in original.)
R.C. 4509.55(B) authorizes such reimbursement provisions and states:
 "Any motor-vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for such sections."
Based on the foregoing, we find that no genuine issues remain as to the nature of the SR-22 filing and conclude that Progressive is entitled to reimbursement for the monies it paid to Kent Jones. Accordingly, we find that appellants' first and second assignments of error are not well-taken.
Upon review of appellants' third and fourth assignments of error regarding damages and bad faith, respectively, we find that no genuine issues of fact remain which would have precluded granting summary judgment in Progressive's favor. Therefore, appellants' third and fourth assignments of error are not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.
[1] The parties do not dispute that Tingley, Jr. was a named insured of the Progressive policy, covering only the Ford Thunderbird, on the date of the accident. We must note that the declarations page attached to the parties' brief and contained in the record indicates the policy period of October 1, 1996 to April 1, 1997; thus, it is not the actual declarations page that was in effect on July 29, 1997, the date of the accident.
[2] The complaint was originally filed in Toledo Municipal Court; it was subsequently transferred to the Lucas County Court of Common Pleas because the claimed monetary damages exceeded the jurisdictional limit.