THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
South Carolina Farm Bureau Mutual Insurance Company,
Respondent,
v.
Steven P. Moore, Tracey Lee Moore, Becky T. Smith and Barry Smith,
Defendants,
of whom
Becky T. Smith and Barry Smith are the Appellants.
 
 
 

Appeal From Oconee County
 Alexander S. Macaulay, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-579   
Submitted November 1, 2004  Filed November 17, 2004 

AFFIRMED

 
 
 
Steven M. Krause, Esquire, Daniel L. Draisen, of Anderson, for Appellants.
Reginald L. Foster, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  This declaratory judgment action concerns excess liability 
 insurance coverage.  South Carolina Farm Bureau Mutual Insurance Company 
 filed this action to determine whether it had any excess liability coverage 
 for an accident involving Tracey Moore, Becky Smith, and Barry Smith. At the 
 time of the accident, Tracey Moore was driving an Isuzu Trooper owned by her 
 mother-in-law and insured by Farm Bureau.  Tracy Moores husband, Stephen Moore, 
 owned a truck also insured by Farm Bureau.  Farm Bureau, as insurer of the Isuzu, 
 paid its policy limits to the Smiths and brought suit to determine whether its 
 policy on Stephen Moores truck provided excess liability coverage that would 
 be available to the Smiths.  The trial judge, sitting without a jury, determined 
 Farm Bureau did not provide excess coverage because Stephen Moores policy contained 
 a regular use exclusion and the Isuzu was available for the regular use 
 of Tracey Moore.  The Smiths appeal.  We affirm. 
 [1] 
The Smiths argue the Isuzu was not available for the regular use of Tracy Moore 
 as defined by the Farm Bureau policy.  
On appeal of an action at law tried by the judge without a jury this court 
 will review the factual findings to determine if there is any evidence to support 
 them.  South Carolina Farm Bureau Mut. Ins. Co. v. Windham, 303 
 S.C. 330, 331, 400 S.E.2d 497 (Ct. App. 1990).  Evidence presented in this case 
 includes Farm Bureaus exclusionary provision and Tracey Moores deposition 
 testimony.
The Farm Bureau policy excluded liability for non-owned vehicles available 
 for the regular use of the insured.  The purpose of a regular use provision 
 is to afford coverage for the infrequent and casual use of vehicles other than 
 the one described in the policy, but not to cover the insured with respect to 
 his use of another vehicle which he frequently uses or has the opportunity to 
 use.  AETNA Cas. & Sur. v. Sessions, et al., 260 S.C. 150, 155, 
 194 S.E.2d 877, 879 (1973).  Regular use is be distinguished from casual, 
 occasional, or infrequent use.  Grantham v. U.S. Fidelity and Guar. Co., 
 245 S.C. 144, 149, 139 S.E.2d 744, 746 (1964).  
The trial judge found as fact that the Isuzu was available for the regular 
 use of Tracey Moore.  Evidence in the record supports this finding.  In her 
 deposition, Tracey Moore stated she had a set of keys for the Isuzu, she kept 
 the Isuzu at her house half of the time, and she could use the vehicle for 
 any purpose.  The Isuzu was Tracey Moores primary means of transportation while 
 Stephen Moore was at work.  In addition, the declarations page of the insurance 
 policy on the Isuzu listed Tracy Moore as a driver. 
AFFIRMED.
HEARN, C.J., GOOLSBY and WILLIAMS, JJ., concur.

 
 [1] This case is decided without oral argument pursuant 
 to Rule 215, SCACR.