20189

Booker T. BOLTON, Jr., Appellant, v. John DOE, Respondent.
(223 S. E. (2d) 187)

*J. Frank Hartman, Esq.,* of Columbia, *for Appellant,*

*Messrs. Rogers, McDonald, McKenzie & Fuller,* of Columbia, *for Respondent,*

March 11, 1976.

Ness, Justice:

Appellant seeks review of summary judgment entered in favor of the respondent. The lower court ruled that appellant was not entitled to coverage under the uninsured motorist provision of an automobile insurance policy due to his failure to comply with South Carolina Code § 46-750.34 (1975 Cum. Supp.). We believe the appellant substantially met the requirements of the statute. Accordingly, the judgment is reversed and remanded.

On March 10, 1972, the appellant was allegedly a passenger in a vehicle which was involved in a collision in the city of Columbia with an unknown vehicle. Two days later the appellant consulted an attorney and, on that day, the attorney mailed a South Carolina Traffic Collision Report to the Safety Responsibility Section of the State Highway Department. No other police authorities were notified, nor were any extenuating circumstances advanced by affidavit for the failure to inform other police authorities of the accident.

The lower court found the mailing of the report was insufficient compliance with South Carolina Code § 46-750.34 (1975 Cum. Supp.) which provides:

"If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, there shall be no right of action or recovery under the uninsured motorist provision, unless (1) The insured or someone in his behalf shall have reported the accident to *some appropriate police authority* within a reasonable time . . ." (Emphasis supplied).

The sole issue in this appeal is whether mailing the report to the Highway Department satisfied the statutory provision relating to "some appropriate police authority."

Appellant contends that the South Carolina Highway Department has police authority over all the streets and high-

ways of the State pursuant to South Carolina Code § 33-21 and, therefore, it should be considered a "police authority" under the terms of § 46-750.34. Respondent asserts that police authority refers to the police officials at police headquarters in a municipality where the collision occurred, or the sheriff's office, or the South Carolina Highway Patrol, rather than the Highway Department.

The statute, read in conjunction with the uninsured motorist insurance statute, South Carolina Code § 46-750.33, attempts to balance the need for providing coverage for victims of hit and run accidents, while protecting the insurer from fraudulent claims. Cf. *Coker v. Nationwide Ins. Co.,* 251 S. C. 175, 161 S. E. (2d) 175 (1968). See *McKay v. Highlands Ins. Co.,* 287 So. (2d) 393 (Fla. App. 1973). The reporting requirement may inflict a hardship upon the victim of a hit and run accident who has paid for coverage, but is unaware of the need to report the accident, however, the legislature has determined some prompt reporting is necessary to facilitate investigation and to adequately protect the insurer. It is the province of the legislature to create a right of action and declare the procedure for collecting from an insurance carrier for loss caused by hit and run driving. *Criterion Ins. Co. v. Hoffman,* 258 S. C. 282, 188 S. E. (2d) 459 (1972).

While the legislative intention is easy to discern, its application to the facts of this case is more difficult. Accordingly, we shall review the genealogy of the statute.

Section 46-750.34 was enacted in 1963. It replaced South Carolina Code § 46-750.15 (1962) which incorporated by reference South Carolina Code §§ 46-326—328 (1962). Those sections imposed a dual notice requirement as a condition precedent to maintenance of an action under the uninsured motorist coverage. Section 46-326 required:

"The driver of a vehicle involved in an accident resulting in injury to or death of any person *shall immediately by the*

*quickest means of communication, whether oral or written,* give notice of such accident to the local police department if such accident occurs within a municipality, otherwise to the office of the county sheriff or the nearest office of the South Carolina Highway Patrol." (Emphasis supplied).

Section 46-327 required a written report to the South Carolina Highway Department within five days. It was this report which the appellant mailed two days after the accident.

The present statute imposes no definitive burden of an immediate notice, nor does it specify who must be notified. The current statute is adaptable to the exigencies of each claim. It substitutes an elastic requirement of notice within a "reasonable time" to "some appropriate police authority." Hence, it is apparent that the legislature has infused a degree of flexibility into a previously rigid statute. Apparently, the legislature thought the balance between extending coverage for legitimate claims and protecting the insurer from fraudulent claims needed to be modified in favor of the claimant.

Respondent does not argue the two days delay was unreasonable. His sole contention is that the report was not sent to "some appropriate police authority." It is argued that the Safety Responsibility Section of the Highway Department is entirely administrative and that no investigation would ensue by virtue of filing the report with it. Consequently, respondent argues that if the appellant prevails, one of the primary purposes of the notice provision would be defeated.

South Carolina Code § 46-327 authorizes the Department to "require any driver of a vehicle involved in an accident of which report must be made as provided in this section to file supplemental reports whenever the original report is insufficient in the opinion of the De-

partment and may require witnesses of accidents to render reports to the Department." Accordingly, although in practice the Highway Department may not investigate when a report is filed, it is authorized by statute to do so. The hapless victim of an accident has no way to know what follow up measures will be taken by the Highway Department.

A statute is not to be read in an atmosphere of sterility, but in the context of what actually happens when human beings go about the fulfillment of its purposes. One who reports an accident to the Highway Department reports the occurrence, and not in terms of the legal consequences which may follow. Actually, all that happens is that report of an accident to police probably will trigger an investigation but not necessarily. In similar circumstances, courts have held statutory reporting requirements were honored. *Rodriguez v. Motor Vehicle Accident Indemnification Corp.*, 54 Misc. (2d) 361, 282 N. Y. S. (2d) 625 (1967) (report to a uniformed hospital security guard who was not technically a "police officer" held adequate) ; *Boxill v. Motor Vehicle Accident Indemnification Corp.*, 33 A. D. (2d) 13, 304 N. Y. S. (2d) 633 (1969) (policeman notified of accident, but not that it was a hit and run accident, held adequate under the circumstances) ; *Walsh v. State Farm Mutual Automobile Ins. Co.*, 91 Ill. App. (2d) 156, 234 N. E. (2d) 394 (Ill. 1968) (insured telephoned police but made no formal report because police informed insured an investigation would not be practical, held adequate).

We think the statute was complied with to the same end as though reported to the local police officer. The statute only requires reporting of the accident to "some" appropriate police authority, not necessarily the most appropriate police authority. The word "some" grants discretion to the appellant-claimant. See *Hotzel v. Simmons*, 258 Wis. 234, 45 N. W. (2d) 683 (Wis. 1951). In light of the amendatory changes to the statute, the appellant's

exercise of that discretion in promptly filing a report with the Highway Department should not bar his action.

Reversed and Remanded.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting):

I respectfully dissent and would affirm the order of the lower court. The right to bring this action is purely statutory and, in order to receive the benefits of the statute, the same must be fully complied with.

I agree with the lower court, which held that the filing of the report was not notification to "some appropriate police authority," within the contemplation of the statute. Reports such as the plaintiff filed have been required for many years prior to the Safety Responsibility Act, which gives to an insured party the right to bring a "John Doe" action.

The South Carolina State Highway Department was created by § 33-21, Code of Laws of South Carolina (1962). It reads as follows:

"Establishment and general functions.—There is hereby established, as an administrative agency of the State government, the South Carolina State Highway Department. Its function and purposes shall be the systematic planning, construction, maintenance and operation of the State highway system, the regulation of traffic thereon, the administration and enforcement of traffic, driver and motor vehicle laws and other laws relating to such subjects and the performance of such other duties and matters as may be delegated to it pursuant to law."

The South Carolina State Highway Patrol was created by § 46-851, which reads as follows:

"South Carolina Highway Patrol; appointment and termination of employment.—The law enforcement division of

the State Highway Department shall be named and known as the 'South Carolina Highway Patrol' and shall consist of such patrolmen, officers, agents and employees as the Department may deem necessarily proper for the enforcement of the traffic and other related laws, the enforcement of which is devolved upon the Department. Such officers and patrolmen shall be commissioned by the Governor upon the recommendation of the Chief Highway Commissioner. Such commissions may be terminated at the pleasure of the Chief Highway Commissioner."

The duties of the Patrol are outlined in § 46-854, which reads in part as follows:

"Duties and powers of patrolmen.—The patrolmen and officers of the South Carolina Highway Patrol shall patrol the highways of the State for the purpose of enforcing the laws of the State relative to highway traffic and motor vehicles. . . . Such officers and patrolmen shall also have the same power and authority held by deputy sheriffs for the enforcement of the criminal laws of the State. They shall remain on the highways, roads and streets at all times while in the performance of their duties, only leaving the highways, roads or streets to pursue an offender who could not be apprehended upon the highways, roads or streets."

Accordingly, it is seen that the South Carolina Highway Patrol is a law enforcement authority and, certainly, notification to a member of the South Carolina Highway Patrol would be sufficient compliance with the statute.

Even as there is within the South Carolina State Highway Department a Patrol division, there is also a Safety Responsibility Section, which is an informational and administrative and statistical operation.

The form which the plaintiff used to report this collision to the South Carolina State Highway Department, in keeping with § 46-327 of the Code, gives instructions to the one who files the report as follows:

"The driver or owner of a vehicle which is in any manner involved in an accident resulting in total property damages to an apparent extent of one hundred dollars or more or in death or bodily injury, shall complete and send this form to STATE HIGHWAY DEPARTMENT, SAFETY RESPONSIBILITY SECTION, P. O. DRAWER 1498, COLUMBIA, S. C., within five days of the accident."

The Safety Responsibility Section within the Highway Department is no more "some appropriate police authority" than is the Motor Vehicle Licensing Division, or that department charged with road construction.

The report is actually confidential and is certainly not designed to alert any law enforcement officer to investigate an alleged collision.

Section 46-750.34 of the Code requires, as a right to recover, that the matter be reported "to some appropriate police authority." The Safety Responsibility Section of the South Carolina State Highway Department, to which the report was sent, is not an appropriate police authority; as a matter of fact, it is not a police authority at all. Independent of the Uninsured Motorist Law and the Safety Responsibility Act, these reports are required.

I would affirm the lower court.