24475

CITY OF COLUMBIA, Respondent v. AMERICAN CIVIL LIBERTIES UNION OF SOUTH CAROLINA, INC., and Kevin Alexander Gray, a/k/a/ Khalid Aikiiki Gamba, Appellants.

(475 S.E. (2d) 747).

Supreme Court

*Lex A. Rogerson, Jr.* of Lexington; and *Armand G. Derfner,* Charleston, *for Appellants.*

*James S. Meggs, City Attorney for the City of Columbia, for Respondent.*

*Jay Bender* and *Virginia C. Ravenel,* both of *Baker, Barwick, Ravenel & Bender, L.L.P.,* Columbia, *for South Carolina Press Association as Amicus Curiae.*

Heard Nov. 15, 1995.

Decided Aug. 12, 1996.

BURNETT, Justice:

This is an action for declaratory judgment arising under the South Carolina Freedom of Information

Act (FOIA), S.C. Code Ann. §§ 30-4-10 to -110 (1991 & Supp. 1994). Appellants appeal the trial court's grant of summary judgment to Respondent, which we reverse, and the denial of Appellants' motion to compel, which we affirm.

## FACTS

On December 31, 1992, a group of teenagers was playing basketball when several plainclothes officers of the City of Columbia Police Department approached. The teenagers ran but were subsequently apprehended. The police officers detained them briefly and then released all of them. The police department later explained that the plainclothes officers were participating in "Operation Year-End Sales," a campaign to exe-

cute outstanding arrest warrants. The police had believed that one of the young men was a possible subject of an outstanding arrest warrant.

Appellant Gray, one of the young men, contacted Respondent to question the conduct of the police officers during the detention. In response, the Chief of Police ordered an internal investigation. Upon completion of the investigation, the Chief announced that no wrongdoing on the part of the police officers had been revealed. Gray and Appellant ACLU then requested a copy of the internal investigation report (hereinafter "report") under the FOIA. Respondent refused their request and filed this action seeking a declaratory judgment that the report is exempt from the disclosure requirements of the FOIA.

As part of their discovery requests, Appellants sought production of the report itself. The trial court denied Appellants' motion to compel production of the report. Respondent moved the trial court for summary judgment, which was granted.

## DISCUSSION

### I. *Summary Judgment*

Summary judgment is appropriate when it is clear that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Citizens & Southern National Bank of South Carolina v. Lanford*, 313 S.C. 540, 443 S.E. (2d) 549 (1994). In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in light most favorable to the nonmoving party. *Koester v. Carolina Rental Center, Inc.*, 313 S.C. 490, 443 S.E. (2d) 392 (1994).

Under the FOIA, "[a]ny person has a right to inspect or copy any public record of a public body, except as otherwise provided by § 30-4-40, in accordance with reasonable rules concerning time and place of access." Section 30-4-30(a).[1] Under § 30-4-40(a)(2):

(a) The following matters are exempt from disclosure under the provisions of this chapter: . . .

---

[1] There is no dispute that Respondent is a "public body" and that the report is a "public record" within the meaning of the FOIA. *See* § 30-4-20(a) & (c).

(2) Information of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy. . . .

Appellants argue that summary judgment was erroneously granted because there was a genuine issue of material fact whether the report contains "information of a personal nature" under 30-4-40(a)(2) so as to exempt it from the FOIA. We agree. The trial court made no finding regarding the contents of the report. Indeed, it is unclear from the trial court's order whether the report's contents were examined by the judge.

We disagree with Respondent's contention that the internal investigation reports of law enforcement agencies are *per se* exempt because they contain personal information as a matter of course. The determination of whether documents or portions thereof are exempt from the FOIA must be made on a case-by-case basis. *Newberry Publishing Co., Inc. v. Newberry County Comm'n on Alcohol and Drug Abuse*, 308 S.C. 352, 417 S.E. (2d) 870 (1992). Thus, it remains to be seen whether the report qualifies for an exception under the FOIA.

Another basis for the trial court's holding that the report is exempt from disclosure also warrants discussion. Under the FOIA, a public body may hold a meeting closed to the public to discuss, among other things, the employment, demotion, or discipline of an employee. Section 30-4-70(a)(1). Respondent analogizes its internal investigation process to a § 30-4-70(a)(1) "discussion," and argues that because Respondent can conduct such a discussion closed to the public, it therefore follows that any report memorializing that discussion should also be exempt from disclosure under the FOIA. The trial court agreed with Respondent, holding that "[i]t is impossible to render a harmonious construction of the Act which makes the Internal Affairs file subject to disclosure."

If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning. *Paschal v. State Election Comm'n*, 317 S.C. 434, 454 S.E. (2d) 890 (1995). Where the terms of the statute are clear, the court must apply those terms according to their literal mean-

ing. *Id.* This Court cannot construe a statute without regard to its plain and ordinary meaning, and may not resort to subtle or forced construction in an attempt to limit or expand a statute's scope. *Id.*

The plain language of § 30-4-70(a)(1) does not exempt from disclosure a "public record" as that term is defined by § 30-4-20. Section 30-4-70(a)(1) does no more than to allow public bodies to conduct certain "discussions" closed to the public. Thus, as the report is a public record as defined by § 30-4-20, the question of its exemption must be resolved by reference to § 30-4-40 ("Matters exempt from disclosure").

## II. *Motion to Compel*

As part of their discovery requests, Appellants sought production of the report under Rule 34, SCRCP. When Respondent refused to produce the report, Appellants filed a motion to compel production, which was denied. Appellants argue that the denial of the motion was error. We disagree.

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Rule 26(b)(1), SCRCP. Not only is the report relevant to the subject matter involved in this case, it is the subject matter of the case itself. *See Knight Publishing Co. v. University of South Carolina,* 295 S.C. 31, 367 S.E. (2d) 20 (1988).[2] As such, the report is not discoverable. *Giza v. Secretary of Health, Education, and Welfare,* 628 F. (2d) 748 (1st Cir. 1980).[3] Before Appellant be-

---

[2] *Knight Publishing, supra,* was an FOIA action in which the plaintiffs' discovery requests sought production of documents which were the subject matter of the lawsuit. We held:

The appeal order allows discovery of documents that respondents ultimately seek disclosed as the subject of these FOIA actions. This order is directly appealable under S.C. Code Ann. § 14-3-330(2)(a) (1976) because it in effect determines the action and prevents an appealable judgment. . . .

[3] *Giza v. Secretary, supra,* was a "wrongful birth" case filed in state court in which plaintiffs alleged that defendant negligently manufactured a birth control pill called Modicon. Plaintiffs sought to depose Dr. Finkel, an FDA employee, in order to elicit testimony the Finkel had been involved in the involuntary recall of Modicon. Then FDA refused to permit Finkel to testify, Plaintiffs sued in federal court, seeking an order requiring FDA to provide Finkel for a deposition. The court stated: "We also agree with the district court that the attempt to depose Dr. Finkel was improper discovery *because* securing her testimony was an object of the Gizas' suit. *See Theriault v. United States,* 503 F. (2d) 390, 392 (9th Cir. 1974)." *Giza,* 628 F. (2d) at 751 n. 6 (emphasis in original).

comes entitled to the report, the trial court must first examine the report in detail in order to determine whether the report's contents or portions thereof qualify for an exemption under § 30-4-40. Accordingly, this matter is

Reversed in part; affirmed in part; and remanded.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.