479 S.E.2d 817

**Leca MOREHEAD, Respondent,**

v.

**John DOE, Appellant.**

**No. 2584.**

Court of Appeals of South Carolina.

Heard Oct. 8, 1996.

Decided Nov. 4, 1996.

Rehearing Denied Jan. 23, 1997.

560

Edward V. Laney, IV, of Turner, Padget, Graham & Laney, Columbia, for appellant.

Daniel K. Felker, Columbia, for respondent.

GOOLSBY, Judge:

Leca Morehead brings this action against John Doe, alleging she was injured as a result of a near collision between a vehicle operated by her husband and one operated by John Doe, an unknown driver. The trial court, following a bench trial, granted Morehead judgment against John Doe on the threshold question of whether Morehead, under all the circumstances, reported the accident to an appropriate police authority within a reasonable time after the accident's occurrence. Doe appeals. We reverse.

On July 21, 1989, while Morehead was riding as a passenger and traveling through the town of Prosperity in an automobile driven by her husband, she sustained injuries to her neck and back when her husband slammed on the brakes and swerved to avoid hitting a vehicle driven by Doe. Rather than immedi-

ately report the accident to an appropriate police authority, Morehead and her husband continued on their way to Charleston.

Morehead, a licensed property and casualty agent and a nine-year employee of the Chastain Insurance Agency in Westminster, completed a loss notice form on July 25, 1989, and, as both an insured and a representative of the Chastain Insurance Agency, reported the accident to American Mutual Fire Insurance Company through the Chastain Insurance Agency. American Mutual thereafter began investigating Morehead's claim. On or about April 2, 1990, the trial court found American Mutual requested Morehead to provide it with a copy of the "accident report." [1] After receiving this request, Morehead reported the accident four days later, on April 6, 1990, to the South Carolina Department of Highways and Public Transportation.

We agree with Doe that Morehead did not comply with the reporting requirement of S.C.Code Ann. § 38–77–170 (Supp.1995).[2] Her accident occurred on July 21, 1989. She waited until April 6, 1990, to report it to an appropriate police authority. We think a period of eight months, or 259 days, is not a reasonable time for one to wait to report an automobile accident. *Cf.* S.C.Code Ann. § 56–5–1260 (1991) (an accident resulting in injury must be reported immediately); S.C.Code Ann. § 56–5–1270 (1991) (a written report must be forwarded to the Department within fifteen days of an accident where a law enforcement officer does not investigate the accident).

---

1. There is some evidence in the record American Mutual requested a police or accident report earlier. The claim file activity log contains an entry dated December 11, 1989, that states Morehead was told American Mutual needed a police report. Also, an adjuster's transmittal form recounts the adjuster "told [Morehead] we would have to prove her husband was negligent in his driving, have a police report and/or a witness to the accident. She stated that she had no witness nor was a police report made."

2. S.C.Code Ann. § 38–77–170 (Supp.1995) provides in part as follows:
   If the owner or operator of any motor vehicle which causes bodily injury ... to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:
   (1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence.

The trial court, however, points to "all the circumstances" and states, when they are considered, "the reporting of the accident on April 6, 1990, is reasonable." And what are these circumstances? Morehead reported the accident to American Mutual four days after its occurrence; Morehead reported the accident to a police authority "when she became aware that it was a requirement of law"; and "[American Mutual] had at its disposal the same information at the time the accident was reported to the [police authority] that [American Mutual] had when [Morehead] notified it four days after the accident."

The fact that Morehead reported the accident to American Mutual is of no moment insofar as it affects her right to bring this action, the only right we are concerned with here. The statute plainly bottoms this right of action on a report "of the accident to some police authority." The report of an accident by an insured to the insurance company is not a substitute for a report of the accident by the insured to the police. *See Barfield v. Insurance Co. of North America,* 59 Tenn.App. 631, 443 S.W.2d 482 (1968) (disallowing recovery under uninsured motorist coverage where the insured failed to report the accident to the police, notwithstanding the insured reported the accident to the insurer).

The fact that Morehead, herself an employee of the very insurance company through which she made her claim to American Mutual, reported the accident to a police authority after she "became aware" she had a duty to do so is not, standing alone, sufficient to accord her a right of action under section 38–77–170. The report to a police authority must be made, as the statute requires, "within a reasonable time." S.C.Code Ann. § 38–77–170 (Supp.1995). Indeed, because a person is presumed to know the law [*Smothers v. United States Fidelity and Guar. Co.,* 320 S.C. 207, 470 S.E.2d 858 (Ct.App.1996) ], Morehead is presumed to have known on July 21, 1989, the date of the accident, she had no right of action unless she reported the accident to an appropriate police authority within a reasonable time.[3]

---

3. The trial court found Morehead informed American Mutual on the loss notice form she completed "that the accident had not been reported to law enforcement authorities at that time." This evidence cuts both ways. An inference can be drawn from the form itself that a report to some police authority might be needed.

The fact that American Mutual possessed the same information that Morehead reported to the police authority is also of no significance. By not reporting the accident far earlier, Morehead deprived American Mutual of meaningful police assistance in investigating the accident and identifying the at-fault motorist. Obviously, the more quickly investigative action is undertaken by police the more likely the police will apprehend and identify an offender. *See Nationwide Mut. Ins. Co. v. Clark,* 213 Va. 666, 194 S.E.2d 699, 702 (1973) ("Delay in reporting the accident . . . could cause a delay in the investigation [and] [t]his could result in a failure to discover the identity of the unknown motorist and the imposition of liability where it does not primarily belong."); *Barfield,* 443 S.W.2d at 491 ("[It] is . . . well known . . . that immediate investigative action is an important element in apprehending and identifying persons and vehicles involved in 'hit and run' accidents.").

Under the circumstances of this case, especially where it does not appear Morehead was otherwise incapacitated or unable to report the accident promptly to an appropriate police authority, we cannot say that the report she made to the Department eight months after the accident was made in a reasonable time.

The trial court, however, went on to hold "the actions of [American Mutual] led significantly to [Morehead's] delay" in filing the required police report because "it failed to advise its own insured of the need for an accident report after a claim was filed." This holding presumes the insurer had a responsibility to advise its insured in this regard. The statute in question, however, does not lay this responsibility upon the insurer. S.C.Code Ann. § 38–77–170 (Supp.1995).

Finally, the trial court, citing to C.T. Drechsler, Annotation, *Liability Insurance: Clause With Respect to Notice of Accident or Claim, etc., or With Respect to Forwarding Suit Papers,* 18 A.L.R.2d 443, §§ 32, 33 (1951), also held American Mutual had waived and was estopped from relying on Morehead's noncompliance with the reporting requirement of section 38–77–170. In so holding, the trial court relied upon its determination that American Mutual began investigating Morehead's claim as early as October 2, 1989, waited until

April to inquire of Morehead about the police report, and never advised Morehead "of its denial of her claim on the basis of this statute, or any policy provision which would have the same effect."

American Mutual's mere investigation of Morehead's loss did not preclude it from relying on her failure to report the accident to an appropriate police authority within a reasonable time. *Sohm v. United States Fidelity & Guar. Co.*, 352 F.2d 65 (6th Cir.1965). It had a right to assume Morehead knew the law and either had complied or would comply with the mandatory police reporting provisions of section 38–77–170 when it undertook to investigate Morehead's claim.

Further, American Mutual's failure to advise Morehead earlier of the mandatory police reporting requirement contained in section 38–77–170 is no omission on which Morehead can justifiably rely. American Mutual was presumed to have no greater knowledge of section 38–77–170's police reporting requirements than was Morehead. Also, as our supreme court noted not long ago in *Freeman v. Fisher*, 288 S.C. 192, 194, 341 S.E.2d 136, 137 (1986), "estoppel may not be invoked to nullify a mandatory statutory restriction."

There is no basis whatsoever for the trial court's conclusion that American Mutual either waived or was estopped from asserting as a defense Morehead's failure to report the accident to an appropriate police authority within a reasonable time. There were no acts, omissions, or representations by American Mutual upon which Morehead could justifiably rely in failing to report the accident to an appropriate police authority within a reasonable time. Moreover, there was no act or representation by American Mutual that reasonably induced Morehead to believe any prior omissions regarding her report of the accident to an appropriate police authority would be excused.

We might add, we are not involved here with an insurance policy but with a statute that clearly places upon an insured or a representative of an insured the responsibility for reporting an accident to an appropriate police authority. *See Nationwide Mut. Ins. Co. v. Clark*, 194 S.E.2d at 702 ("The uninsured motorist law ... does not create insurance for the uninsured motorist or the uninsured automobile."). We are also not

involved with the question of whether an insured complied with a provision of a liability insurance policy requiring the insured to give notice of an accident or a claim to an insurer. Instead, the question before us here is whether an insured complied with a statute mandating the insured or a representative of the insured to report an accident to an appropriate police authority within a reasonable time.

**REVERSED.**

CURETON, J., concurs.

ANDERSON, J., dissents in a separate opinion.

ANDERSON, Judge (dissenting):

I respectfully dissent.

The majority opinion misconstrues S.C.Code Ann. § 38–77–170 (Supp.1995). Moreover, I disagree with the factual recitation of the majority. Manifestly, a review of the law reveals apodictically that the former rigid statutory provision was replaced with an elastic requirement of notice within a reasonable time. The majority fails to recognize the evolvement in the law. Concomitantly, I will address the issue with specificity.

On July 21, 1989, Leca Morehead and her son were travelling in a vehicle driven by her husband when they were involved in a near collision. Morehead's husband slammed on the brakes and swerved to avoid hitting a vehicle which had run a stop sign. The two vehicles did not collide. The at-fault vehicle was driven by an unknown driver, John Doe. Morehead allegedly suffered headaches and other symptoms caused by the sudden stopping when her seatbelt jerked her neck and back. She did not report the accident to law enforcement at that time.

On July 25, 1989, Morehead filed an insurance claim form (an Acord form) which notified her insurance company that she had been injured in an accident with an unknown driver and further, that she had not contacted the police. Morehead stated Gale Horton, the insurance adjustor who handled Morehead's claim, contacted her approximately two months after she sent in the claim form. At that time, they discussed a

possible PIP (Personal Injury Protection) claim and a bodily injury claim. Morehead stated she did not know she needed to report the accident to the police until the insurance adjustor informed her of this requirement in April of 1990. Morehead reported the accident to law enforcement and completed an accident report on April 6, 1990.

Gale Horton testified that the "Received" stamp on Morehead's claim form indicated the insurance carrier received a copy of the claim form from their agent on August 28, 1989. Horton asserted she attempted to contact Morehead several times before finally reaching her on September 25, 1989. Horton stated she was handling the claim as a PIP or "medpay" claim only.

Horton admitted that her supervisor advised her to "clear up" the possibility of any bodily injury claim by note dated October 2, 1989. However, the bodily injury issue was not discussed until December 11, 1989, when Morehead asked Horton about filing a bodily injury claim against her uninsured coverage. Horton stated she believed she told Morehead at that time that she would need a police report to substantiate the accident claim since there had been no physical contact between the automobiles involved in the incident. Horton stated she assumed Morehead, a licensed insurance agent, was not making an uninsured claim for bodily injury because Morehead had not filed an accident report. Therefore, Horton did not question Morehead about a bodily injury claim until Morehead mentioned a possible liability claim in December.

Morehead subsequently brought this action against her husband and the unknown driver, John Doe. By order dated October 30, 1993, Judge Pleicones granted both defendants summary judgment. Judge Pleicones held (1) there was a total absence of proof as to negligence by the husband, and (2) that Morehead had failed to report the accident within a "reasonable time" as required by section 38–77–170 of the South Carolina Code. Pursuant to Morehead's motion, Judge Pleicones reconsidered his October 30th order and found that since Morehead had promptly notified her insurance company of the accident, an issue of fact existed as to the reasonableness of Morehead's actions.

In an order signed by Judge Hayes, the parties consented to bifurcated proceedings on the reporting issue and the issues of liability and damages, with appeal to lie from each proceeding.

By order dated September 12, 1995, Judge Hughston held that in light of all the circumstances, Morehead had satisfied the reporting requirement of section 38–77–170 and was therefore entitled to pursue her action for recovery under her uninsured motorist provision by proceeding with a trial on liability and damages. Judge Hughston found Morehead had notified her insurance company of the accident and of the fact that no police report had been filed on July 25, 1989, four days after the accident. Judge Hughston reasoned Morehead's prompt reporting to her insurance carrier and the insurance carrier's own actions in delaying the reporting constituted waiver or estoppel. Upon Doe's motion for reconsideration, the judge reaffirmed his decision that Morehead had complied with the statutory reporting requirement.

John Doe appeals.

## ISSUE

Did the trial court err in finding that the insured, Leca Morehead, met the statutory requirement for timely reporting the accident?

## STANDARD OF REVIEW

An action to declare excess or secondary liability coverage is an action at law. *State Auto Property & Cas. Ins. Co. v. Gibbs,* 314 S.C. 345, 444 S.E.2d 504 (1994); *South Carolina Farm Bureau Mut. Ins. Co. v. Windham,* 303 S.C. 330, 400 S.E.2d 497 (Ct.App.1990). A declaratory judgment action to determine which of two insurers has primary liability coverage is at law. *Unisun Ins. Co. v. First Southern Ins. Co.,* 314 S.C. 54, 443 S.E.2d 808 (Ct.App.1994), *aff'd as modified,* 319 S.C. 419, 462 S.E.2d 260 (1995). A declaratory judgment action to determine the coverage under an insurance policy's omnibus clause is an action at law. *United States Fire Ins. Co. v. Macloskie,* 320 S.C. 459, 465 S.E.2d 759 (Ct.App.1995). An action for breach of an insurance contract is an action at law. *Cf. Ateyeh v. Volkswagen of Florence, Inc.,* 288 S.C. 101, 341

S.E.2d 378 (1986) (a cause of action for breach of an insurance contract is an action for damages under the contract); *Moore v. Crowley & Assocs., Inc.*, 254 S.C. 170, 174 S.E.2d 340 (1970) (an action for damages for breach of contract is an action at law).

In an action at law, on appeal of a case tried without a jury, findings of fact of the judge will not be disturbed on appeal unless found to be without evidence which reasonably supports the judge's findings. The rule is the same whether the judge's findings are made with or without a reference. The judge's findings are equivalent to a jury's findings in a law action. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E.2d 773 (1976). *Accord King v. PYA/Monarch, Inc.*, 317 S.C. 385, 453 S.E.2d 885 (1995); *United States Fire Ins. Co. v. Macloskie, supra.* Moreover, the appellate court will not disturb the trial judge's findings of fact that depend on the credibility of witnesses. *Daisy Outdoor Adver. Co., Inc. v. Abbott*, 317 S.C. 14, 451 S.E.2d 394 (Ct.App.1994), *aff'd in part, rev'd in part*, 322 S.C. 489, 473 S.E.2d 47 (1996). Ordinarily, whether the insured has performed the duty of assisting the insurer in defense of a suit is a question of fact for the jury. *Meehan v. Commercial Cas. Ins. Co.*, 166 S.C. 496, 165 S.E. 194 (1932).

## *LAW/ANALYSIS*

### ACCIDENT REPORTING REQUIREMENT OF S.C.CODE ANN. § 38–77–170.

Appellant alleges the trial court made numerous errors in concluding that Morehead reported the accident to some appropriate police authority within a reasonable time after its occurrence, under all the circumstances, in accordance with section 38–77–170. I disagree.

Section 38–77–170 provides there is no right of action or recovery under an uninsured motorist provision where the owner or operator of the vehicle causing bodily injury or property damage is unknown unless:

(1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence;

(2) the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit;

(3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

S.C.Code Ann. § 38–77–170 (Supp.1995).

The legislative history of this statute was traced in *Bolton v. Doe*, 266 S.C. 344, 223 S.E.2d 187 (1976), in which our Supreme Court stated:

Section 46–750.34 was enacted in 1963. It replaced South Carolina Code § 46–750.15 (1962) which incorporated by reference South Carolina Code §§ 46–326—328 (1962). Those sections imposed a dual notice requirement as a condition precedent to maintenance of an action under the uninsured motorist coverage. Section 46–326 required:

"The driver of a vehicle involved in an accident resulting in injury to or death of any person *shall immediately by the quickest means of communication, whether oral or written,* give notice of such accident to the local police department if such accident occurs within a municipality, otherwise to the office of the county sheriff or the nearest office of the South Carolina Highway Patrol." (Emphasis supplied).

Section 46–327 required a written report to the South Carolina Highway Department within five days....

The present statute imposes no definitive burden of an immediate notice, nor does it specify who must be notified. The current statute is adaptable to the exigencies of each claim. It substitutes an elastic requirement of notice within a "reasonable time" to "some appropriate police authority." Hence, it is apparent that the legislature has infused a degree of flexibility into a previously rigid statute. Apparently, the legislature thought the balance between extending coverage for legitimate claims and protecting the insurer

from fraudulent claims needed to be modified in favor of the claimant.

*Id.* at 347–48, 223 S.E.2d at 188–89.

I hold Morehead did report the accident within a reasonable period, under all the circumstances. Accordingly, I would affirm.