574 S.E.2d 739

**Leatrice Williams COLLINS, Respondent,**

v.

**John DOE, Petitioner.**

**No. 25571.**

Supreme Court of South Carolina.

Heard June 12, 2002.

Decided Dec. 30, 2002.

Harry C. Wilson, Jr., of Lee, Erter, Wilson, James, Holler & Smith, of Sumter, for petitioner.

Ronnie A. Sabb, of Kingstree, for respondent.

Justice PLEICONES:

The Court granted certiorari to consider the Court of Appeals' decision in *Collins v. Doe*, 343 S.C. 119, 539 S.E.2d 62 (Ct.App.2000). The Court of Appeals held that for purposes of S.C.Code Ann. § 38–77–170(2) (Supp.2001), a witness's sworn trial testimony is the functional equivalent of a sworn affidavit. We reverse.

## FACTS/PROCEDURAL BACKGROUND

Respondent sued an unidentified driver, Petitioner John Doe ("Doe"), after she was involved in an automobile collision with another vehicle. Respondent was traveling on Highway 301 in Clarendon County. At the point where 301 intersects with Highway 521, an automobile driven by Doe failed to yield the right of way to Respondent. To avoid a collision with Doe, Respondent took evasive action, and in so doing, collided with the vehicle of Joanne Calvin. Respondent's vehicle never made contact with Doe's vehicle. Respondent suffered injuries in the accident, and sought to recover damages under the uninsured motorist coverage provided by her automobile insurance policy.

Respondent sued Doe and the case went to trial. After Respondent presented her case, Doe moved for directed verdict. The basis for Doe's motion was Respondent's failure to produce an affidavit of a witness, as prescribed by S.C.Code Ann. § 38–77–170(2) (Supp.2001).[1] Although Respondent did

---

1. S.C.Code Ann. § 38–77–170 is entitled:

   Conditions to sue or recover under uninsured motorist provision when owner or operator of motor vehicle causing injury or damage is unknown.

not produce a witness-signed affidavit, at trial she produced a witness who testified that a vehicle driven by Doe caused the accident. Respondent argued the witness's testimony satisfied the requirements of § 38–77–170(2).

The trial court found that Respondent's failure to produce an affidavit was fatal to her cause of action, and granted Doe's directed verdict motion. The Court of Appeals reversed, holding the witness's trial testimony was the functional equivalent of a sworn affidavit. We granted Doe's petition for certiorari.

## ISSUE

Did the Court of Appeals err in determining that a witness's testimony at trial is the functional equivalent of the affidavit required by § 38–77–170(2)?

## ANALYSIS

Doe contends the Court of Appeals erred in reversing the circuit court. We agree.

Where a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no

---

The statute provides:
> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:
> (1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence;
> (2) the injury or damage was caused by physical contact with the unknown vehicle, *or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit;*
> (3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.
> The following statement must be prominently displayed on the face of the affidavit provided in subitem (2) above: A FALSE STATEMENT CONCERNING THE FACTS CONTAINED IN THIS AFFIDAVIT MAY SUBJECT THE PERSON MAKING THE FALSE STATEMENT TO CRIMINAL PENALTIES AS PROVIDED BY LAW.

(Emphasis supplied).

occasion for employing rules of statutory interpretation and the Court has no right to look for or impose another meaning. *City of Columbia v. American Civil Liberties Union of S.C., Inc.,* 323 S.C. 384, 475 S.E.2d 747 (1996). Where the terms of the statute are clear, the court must apply those terms according to their literal meaning. *Id.*

The legislature unambiguously required that a plaintiff seeking to recover against her uninsured motorist coverage for the negligence of an unknown John Doe driver strictly comply with the plain language of the statute. The current statute is titled "*Conditions to sue or recover* under uninsured motorist provision when owner or operator of motor vehicle causing injury or damage is unknown." (Emphasis supplied).

Our General Assembly first enacted a John Doe statute in 1963. The statute as first enacted required "physical contact with the unknown vehicle" before the plaintiff could recover. *See* Act No. 312, 1963 S.C. Acts 535.

In 1987, the General Assembly relaxed the physical contact requirement, and amended the John Doe statute to provide that a plaintiff has no right of action or recovery unless "the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle." Act No. 166, 1987 S.C. Acts 1122. Under the 1987 amendment, a witness-sworn affidavit was not required.

The legislature again amended the statute in 1989, and added the sworn affidavit requirement. The statute at large effecting this most recent amendment provides that the act is "to amend section 38–77–170 relating to *the requirements to recover* under the uninsured motorist provisions when the at-fault party is unknown, so as *to require* a witness to the accident to sign an affidavit attesting to the truth of the facts about the accident and to provide a warning statement to be displayed on the affidavit." Act No. 148, 1989 S.C. Acts 439 (emphasis supplied).

As written, section 38–77–170 contains requirements necessary to support a plaintiff's "right of action." Black's defines "right of action" as:

1. The right to bring a specific case to court. 2. A right that can be enforced by legal action; a chose in action. Cf. cause of action.

*Black's Law Dictionary* 1324 (Bryan A. Garner ed., 7th ed, West 1999). Without a sworn affidavit, a plaintiff has no right of action. In other words, without the affidavit, she has no right to bring her case to court.

This Court has historically required strict compliance with the statute allowing an insured to sue her own insurer where damages are caused by an unknown driver. In *Criterion Ins. Co. v. Hoffmann,* 258 S.C. 282, 188 S.E.2d 459 (1972), an insured sued his insurer seeking to recover against the uninsured motorist coverage of his policy. The statute [2] required that service of process be accomplished by delivering a copy of the summons and complaint to the insurance commissioner. The insured delivered to the insurance commissioner a copy of the summons, but not a copy of the complaint. The Court affirmed the trial court's ruling that the insured could not recover because he failed to comply with the statutory provisions regarding service of process. The Court remarked:

The right to sue and collect from one's own liability insurance carrier in case of a loss caused by a hit-and-run driver or other driver of an uninsured automobile is a creature of the legislature. Except for the statute, and endorsements required, no right exists to recover from one's own insurance carrier. One must look to the terms of the uninsured motorist statute and policy endorsements and comply therewith to get the benefit of law. . . .

It is the province of the lawmakers to create a right of action, to provide for process and to declare the procedure for collecting from one's own insurance carrier. . . .

The terms of the statute . . . are clear and not ambiguous. This being true, there is no room for construction and we are required to apply the statute according to its literal meaning. Most courts take a liberal view when dealing with the question of coverage; however, the procedural obligations that the insured must discharge in order to recover, since they are prescribed by statute, are viewed by the

---

2. S.C.Code Ann. § 46–750.35 (1962).

courts as mandatory, and strict compliance with them is a prerequisite to recover.

*Id.* at 290–92, 188 S.E.2d at 462–63.

This Court held that proof of physical contact, a requirement contained in the predecessor statute to Section 38–77–170, was a condition precedent to a plaintiff's right of action against an unknown John Doe defendant. *See Wynn v. Doe,* 255 S.C. 509, 180 S.E.2d 95 (1971).

In *Wynn v. Doe,* the plaintiff brought suit against unknown motorist John Doe after the plaintiff drove her motorcycle through a slippery substance on the highway and crashed. The plaintiff sued the unknown driver of the vehicle responsible for laying the substance on the highway. The plaintiff admitted that there had been no physical contact between her motorcycle and the unknown driver's vehicle.

The John Doe statute under consideration in *Wynn* provided that:

If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, there shall be no right of action or recovery under the uninsured motorist provision, unless . . .

(2) The injury or damage was caused by physical contact with the unknown vehicle.

S.C.Code Ann. § 46–750.34 (Supp.1970).[3] The trial court granted judgment in favor of the defendant, holding that the plaintiff had failed to state a cause of action because there had been no physical contact between the unknown vehicle and the plaintiff's motorcycle. This Court agreed, and strictly construed the statute:

The right to recover for the negligence of an unknown motorist is determined, under the plain terms of Section 46–750.34(2), by whether or not the injury was caused by physical contact with the unknown vehicle. . . . In the words of the statute, there is 'no right of action or recovery under the uninsured motorist provision, unless * * * the injury or damage was caused by physical contact with the unknown vehicle.' The statute makes proof of physical contact *a*

---

3. In 1987, the legislature renumbered the John Doe statute and placed it in its current section, § 38–77–170. Act No. 155, 1987 S.C. Acts 385.

*condition precedent* in any case for the recovery of damages caused by an unknown driver and vehicle. *There are no exceptions to this rule* .... It being agreed that there was no physical contact between the unknown vehicle and the motorcycle operated by the appellant, the absence of any such physical contact is *fatal to her cause of action.*

The appellant contends that since there was actual and physical contact with the chemical substance dumped or spilled onto the public highway by an unidentified and unknown vehicle, such meets the 'physical contact' requirement of Section 46–750.34(2) of the Code. This contention is of no consequence because here the indispensable element of 'physical contact with the unknown vehicle' is absent and, therefore, to adopt the view advanced by the appellant would defeat the clear and unambiguous legislative intent expressed in the statute....

*Wynn v. Doe,* at 511–12, 180 S.E.2d at 96 (emphasis supplied; citations omitted).

Courts have likewise required strict compliance with the current version of the John Doe statute. In *Morehead v. Doe,* 324 S.C. 559, 479 S.E.2d 817 (Ct.App.1996), the plaintiff did not report the accident to the appropriate police authority until eight months after the accident. The trial court ruled that the plaintiff's belated report satisfied § 38–77–170(1). The Court of Appeals reversed, reasoning that:

The report to a police authority must be made, as the statute requires, 'within a reasonable time.' ... Indeed, because a person is presumed to know the law ..., Morehead is presumed to have known on July 21, 1989, the date of the accident, she had no right of action unless she reported the accident to an appropriate police authority within a reasonable time.

The fact that [the insurer] possessed the same information that Morehead reported to the police authority is also of no significance. By not reporting the accident far earlier, Morehead deprived [the insurer] of meaningful police assistance in investigating the accident and identifying the at-fault motorist....

*Id.* at 562–63, 479 S.E.2d at 818–19 (citation omitted).

█ In this case, the Court of Appeals held that the purpose of the sworn affidavit requirement is served where a

witness testifies at trial. We disagree. We discern three purposes for the sworn affidavit requirement. The obvious purpose, fraud prevention, is seemingly served by the Court of Appeals' conclusion. By offering sworn trial testimony, the witness subjects herself to the criminal penalties for perjury. However, the statute reflects that the legislature's chosen vehicle for fraud prevention under these circumstances is a sworn affidavit prominently displaying the prescribed disclaimer. The disclaimer alerts the affiant that she may be subject to criminal penalties for providing untrue information. The affidavit also allows the defendant, at trial, to cross examine the witness regarding the statement. The Court of Appeals' holding forecloses the defendant's ability to conduct cross examination regarding the witness's statement in the affidavit.

In addition, the affidavit constitutes tangible evidence that the insured has a good faith basis for making the claim.

Finally, the sworn affidavit requirement fulfills a notice function: Providing, upon request, the defendant-insurer with information relating to the validity of the plaintiff's case.[4] Without the affidavit, and without the opportunity to interview the witness, the insurer is deprived of valuable factual information with which to assess and evaluate the claim.

▆▆ The plain language of § 38–77–170 requires that where the accident involves no physical contact between the insured's vehicle and the unidentified vehicle, the accident "*must* have been witnessed by someone other than the owner or operator of the insured vehicle" and the "witness *must* sign an affidavit attesting to the truth of the facts of the accident contained therein." The statute further prescribes a disclaimer and provides that the disclaimer "*must* be prominently displayed on the face of the affidavit." Under the rules of statutory interpretation, use of words such as "shall" or "must" indicates the legislature's intent to enact a mandatory requirement. *See e.g., In re Matthews,* 345 S.C. 638, 550 S.E.2d 311 (2001); *South Carolina Police Officers Retirement Sys. v. Spartan-*

---

4. The Court of Appeals recognized that requiring the insured to notify the police within a reasonable time after the accident (codified at § 38–77–170(1)) provided the defendant-insurer with information valuable to its assessment of the claim. *See Morehead, supra.*

*burg,* 301 S.C. 188, 391 S.E.2d 239 (1990); *Starnes v. South Carolina Dept. of Public Safety,* 342 S.C. 216, 535 S.E.2d 665 (Ct.App.2000).

A plaintiff's strict compliance with the affidavit requirement is mandatory. The Court of Appeals excused this mandatory requirement where the plaintiff offers up a "functional equivalent" of an affidavit. The statute makes no provision for the functional equivalent of an affidavit.

## CONCLUSION

The Court of Appeals' holding creates an exception where none previously existed. Both this Court and the Court of Appeals have held that strict compliance with § 38–77–170 is a prerequisite to maintaining a cause of action under that statute. The plain language of the statute supports this conclusion. Because Respondent failed to produce a sworn witness affidavit as mandated by § 38–77–170(2), we REVERSE the decision of the Court of Appeals.

MOORE and WALLER, JJ., concur. TOAL, C.J., dissenting in a separate opinion in which BURNETT, J., concurs.

Chief Justice TOAL dissenting:

I respectfully dissent. In my view, the majority's opinion ignores the clear intent of the legislature by holding that sworn testimony by an eye-witness is not the functional equivalent of a sworn affidavit for purposes of S.C. Code Ann. § 38–77–170(2) (Supp. 2001). Section 38-77-170 governs when a motorist can recover under an uninsured motorist provision when the at-fault motorist is unknown.

Originally, an action for recovery against an unknown driver was permitted only when the damages were caused by physical contact with the unknown driver. See Act No. 312, 1963 S.C. Acts 535. As the majority points out, the General Assembly relaxed the physical contact requirement in 1987 by allowing an action to proceed when the accident was "witnessed by someone other than the owner or operator of the

vehicle." Acts No. 166, 1987 S.C. Acts 1122. In 1989, the General Assembly amended the statute again, adding the sworn affidavit requirement. Act No. 148, 1989 S.C. Acts 439.

The majority reasons that a sworn affidavit accomplishes three objectives: fraud prevention, meaningful cross-examination, and prior notice to the insurer for purposes of claim evaluation. I agree wholeheartedly that the legislature intended for the sworn affidavit requirement to prevent fraudulent claims. However, I disagree that the legislature also intended for the affidavit to allow for more effective cross-examination of the witness at trial or for it to serve a notice function.

The ability to cross-examine a witness effectively at trial does not depend on having a prior statement of the witness. If anything, a witness's testimony at trial should be deemed *more*, not less, reliable than a statement in a sworn affidavit. Further, as the majority points out in footnote 4, the statute requires separately that the insured report the accident to the police within a reasonable time period after the accident. This provision ensures that the defendant-insurer gets information collected by the police, valuable to the assessment of the insured's claim, in a timely manner. S.C. Code Ann. § 38–77–170(1); See *Morehead v. Doe*, 324 S.C. 559, 479 S.E.2d 817 (Ct.App. 1996). I respectfully disagree with the majority's conclusion that the affidavit is intended to serve as an *additional* form of notice to the insurer.

In conclusion, I believe that the legislature intended for the sworn affidavit to prevent motorists from filing fraudulent claims, and sworn testimony, by an eye-witness at trial, ensures against fraud even more effectively than the sworn affidavit. Therefore, I would **AFFIRM** the Court of Appeals' finding that sworn testimony is the functional equivalent of a sworn affidavit for purposes of S.C. Code Ann. § 38–77–170(2).

BURNETT, J., concurs.