# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Peter Rice, Respondent,

v.

John Doe, Petitioner.

Appellate Case No. 2021-000894

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Fairfield County
Daniel Dewitt Hall, Circuit Court Judge

---

Opinion No. 28190
Heard March 8, 2023 – Filed January 24, 2024

---

## AFFIRMED AS MODIFIED

---

Sarah Rand-McDaniel and Seth Thomas McDaniel, both of Walker Allen Grice Ammons & Foy, LLP, of Mount Pleasant, for Petitioner.

Sherod Hampton Eadon III, of Eadon Law, LLC, of Columbia, for Respondent.

---

**JUSTICE FEW:** This case presents the question whether compliance with the witness affidavit requirement in subsection 38-77-170(2) of the South Carolina Code (2015) is a condition precedent to the filing of a "John Doe" civil action. We hold it is not. Rather, the witness affidavit may be produced after the commencement of

the lawsuit. As we will explain, however, the affidavit should be produced promptly upon request, and if it is not, the action is subject to dismissal pursuant to Rule 56(c) of the South Carolina Rules of Civil Procedure. We affirm the court of appeals as modified and remand the case to circuit court for trial.

## I.      Background and Procedural History

Peter Rice was the passenger in a friend's car when the car veered off the road and hit a tree. Rice filed a civil action against the unidentified driver—"John Doe"—of a vehicle Rice contends crossed the center line into his friend's lane of travel, causing the friend to swerve to avoid colliding with the vehicle. Rice alleges he "suffered severe and painful injuries and damages."

Sections 38-77-170 and 38-77-180 of the South Carolina Code (2015) collectively allow recovery under a driver's uninsured motorist policy when an accident is caused by an unidentified driver. However, section 38-77-170 provides "there is no right of action or recovery under the uninsured motorist provision, unless . . . (2) the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle . . . ." In cases in which there was no "physical contact with the unknown vehicle"—as here—subsection 38-77-170(2) requires a "witness must sign an affidavit attesting to the truth of the facts of the accident . . . ."

John Doe filed an answer to Rice's complaint in which Doe included a motion to dismiss the case on the basis Rice "has failed to comply with [section] 38-77-170." The day after Doe filed his answer, Rice produced an affidavit setting forth the facts of the accident. Some months later, Doe filed a motion for summary judgment pursuant to Rule 56(c) in which he again claimed "the Plaintiff has failed to satisfy the terms of [section] 38-77-170." Rice then produced and later filed an amended affidavit in which he clarified there was no contact between the vehicles and included the "statement" required to be "prominently displayed on the face of the affidavit" by the last sentence of section 38-77-170. Circuit Judge Roger E. Henderson heard Doe's motion for summary judgment and denied it by written order, finding Rice's amended affidavit "satisfies the affidavit requirements of S.C. Code § 38-77-170(2)."

The case was called for trial before Circuit Judge Daniel Dewitt Hall. Prior to the court striking a jury, Doe asked the court to hear the motion to dismiss he included in his answer. Doe specifically argued subsection 38-77-170(2) requires a John Doe plaintiff to file the witness affidavit at the same time he files the complaint, and

therefore Rice's claim must be dismissed because he failed to do so. Rice objected to Judge Hall hearing the motion on the basis that Doe's argument was the same one heard and rejected by Judge Henderson. Judge Hall first determined Judge Henderson's order denying summary judgment was based on the *contents* of Rice's witness affidavit rather than its *timing*. Judge Hall then found subsection 38-77-170(2) requires a John Doe plaintiff to file the witness affidavit at the same time the complaint is filed as a condition precedent to the right to bring an action under sections 38-77-170 and 38-77-180. Because Rice filed the affidavit many months after he filed the action, Judge Hall dismissed the case.

The court of appeals reversed, finding "Judge Hall did not have the authority to overrule Judge Henderson's previous rejection of Doe's timeliness argument." *Rice v. Doe*, Op. No. 2021-UP-229, at 2 (S.C. Ct. App. filed June 23, 2021). The court of appeals did not address the timeliness of the witness affidavit.

We granted Doe's petition for a writ of certiorari to address whether Judge Hall had the authority to grant the motion to dismiss after Judge Henderson denied summary judgment and whether filing the witness affidavit required by subsection 38-77-170(2) is a condition precedent to the right to bring a John Doe action under sections 38-77-170 and 38-77-180. We find it unnecessary to rule definitively on whether Judge Hall had the authority to hear the motion to dismiss because—on the merits of that motion—we find the filing of the witness affidavit is not a condition precedent to bringing the John Doe action.

## II.    Analysis

We first address the court of appeals' ruling that Judge Hall did not have the authority to grant the motion to dismiss. We then address whether subsection 38-77-170(2) is a condition precedent to filing a John Doe action.

### A.

This Court has stated as a general principle, "One Circuit Court Judge does not have the authority to set aside the order of another." *Enoree Baptist Church v. Fletcher*, 287 S.C. 602, 604, 340 S.E.2d 546, 547 (1986); *see also Steele v. Charlotte, Columbia & Augusta R.R.*, 14 S.C. 324, 330 (1880) ("The judge may sometimes reconsider his own orders, but all the authorities agree as to the general doctrine, that the decision of one judge is not subject to be reviewed by another." (internal quotation marks omitted) (citing 1 Simon Greenleaf, *A Treatise on the Law of Evidence* 543 (Boston, Charles C. Little & James Brown 1850))).

However, this "general doctrine" can be a difficult one to apply. On one hand, it is "clearly an impermissible act" for one judge "to reverse the earlier substantive order" of another judge. *Enoree Baptist Church*, 287 S.C. at 604, 340 S.E.2d at 547. In *Enoree Baptist Church*, as an example of how the principle is intended to apply, the plaintiff filed a motion to amend the complaint, which one circuit judge granted. 287 S.C. at 603, 340 S.E.2d at 547. After a mistrial, a different circuit judge reversed the first judge's ruling, stating, "So your amendment comes too late and I deny your amended complaint." *Id.* This Court reversed the second judge and "remanded for a new trial under the amended complaint." 287 S.C. at 604, 340 S.E.2d at 547. *See also Belton v. State*, 313 S.C. 549, 554, 443 S.E.2d 554, 557 (1994) (finding on "purely a legal" question of the jurisdiction of a State board, a second circuit judge "was without authority to review [the first judge's] findings" on the exact same issue).

On the other hand, one circuit judge has the authority to make a different ruling than a prior judge in some circumstances. In *Salmonsen v. CGD, Inc.*, 377 S.C. 442, 661 S.E.2d 81 (2008), for example, we held the general principle set forth in *Enoree Baptist Church* did not apply to class certification orders, which "may be altered at any time prior to a decision on the merits," even by a different circuit judge. 377 S.C. at 454, 661 S.E.2d at 88. We have also recognized that pre-trial rulings on evidentiary issues are subject to change by the trial judge. *See State v. Jones*, 435 S.C. 138, 144, 866 S.E.2d 558, 561 (2021) (observing that if "an evidentiary ruling is pretrial" there could arise a "basis for the trial court to change its initial ruling"). If the trial judge is different from the judge who ruled on the pretrial motion, the trial judge has an obligation to hear the arguments as to why the ruling during trial should be different from the pretrial ruling.

Under our system of rotating judges through the State, circuit and family court judges often confront situations in which another judge made a ruling that might or might not be final. If the prior ruling addresses a substantive point of law, or if nothing of significance has changed, the second judge should consider the previous judge's ruling to be final. *See Steele*, 14 S.C. at 329 (observing that if one judge could overrule another, "there would be no end to litigation. No one could tell where it would stop. Nothing could be considered as finally adjudged, and all rights of person and property would be set afloat."). The simple fact a judge disagrees with a prior ruling by another judge is not grounds to change the ruling.

When the circumstances that led to a prior ruling have changed, however, the trial judge should not be bound by an order that no longer serves the interests of justice.

Even in *Steele*—one of the first cases in which we acknowledged the "general doctrine" stated in *Enoree Baptist Church* as "One Circuit Court Judge does not have the authority to set aside the order of another"—we recognized, "A motion once heard and decided fully [may] be reviewed *upon a new state of facts arising after the decision*[,] . . . such as to make a new case, as . . . newly-discovered evidence, or that the ground of the order has been removed . . . ." 14 S.C. at 330. The *Enoree Baptist Church* principle is intended, therefore, to prevent what is essentially an appeal from one circuit judge to another. As we explained in *Steele*, "There is no appeal from one Circuit judge to another." 14 S.C. at 329. The principle was never intended to hamstring a subsequent judge when the circumstances legitimately have changed, or—as here—where there was uncertainty whether the first judge (Judge Henderson) even addressed the specific legal issue.

As Judge Hall was obligated to do, he examined the motion for summary judgment, the memorandum filed in its support, and Judge Henderson's order, before making the determination Judge Henderson had addressed only the content of the affidavit, not whether subsection 38-77-170(2) required the affidavit be filed as a condition precedent to bringing the action. Judge Hall noted Judge Henderson's order "did not contain any language that dealt with the issue of [the witness affidavit] being a condition precedent." The court of appeals disagreed and determined Judge Henderson had ruled on the timeliness issue, in part because Doe's memorandum in support of the motion specifically addressed the timeliness issue. *Rice*, Op. No. 2021-UP-229, at 2.

We believe both Judge Hall and the court of appeals had reasonable interpretations of Judge Henderson's order, which shows the difficulty courts face in applying the *Enoree Baptist Church* general principle. On this difficult point, we find it unnecessary to definitively say whether we think Judge Hall was correct or the court of appeals was correct, because we find subsection 38-77-170(2) clearly does not require filing the witness affidavit as a condition precedent to bringing a John Doe action.

## B.

Turning to the question whether the witness affidavit requirement is a condition precedent to the filing of a John Doe action, our analysis is simple—the statute does not provide that the affidavit must be filed as a condition precedent to filing the action. Section 38-77-170 is titled, "Conditions to sue or recover under uninsured motorist provision when owner or operator of motor vehicle causing injury or damage is unknown." It provides in part:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:
>
> . . .
>
> (2) the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit . . . .

S.C. Code Ann. § 38-77-170.

There is no requirement in this language or otherwise that the witness affidavit be filed at the same time the action is filed.

Doe makes several points to support his position. Doe relies on the "[c]onditions to sue" language in the title and the "no right of action or recovery . . . unless" language in the introduction of section 38-77-170. He relies on our use of the phrase "condition precedent" in *Wynn v. Doe*, 255 S.C. 509, 512, 180 S.E.2d 95, 96 (1971), interpreting an earlier version of the statute that did not apply to no-contact cases and did not contain a witness affidavit requirement. Doe also relies on our statement, "A plaintiff's strict compliance with the affidavit requirement is mandatory" in *Collins v. Doe*, 352 S.C. 462, 471, 574 S.E.2d 739, 743 (2002). *Collins*, however, concerned a plaintiff who never produced a witness affidavit—even at trial—and instead relied on witness testimony to establish the facts of the accident. 352 S.C. at 464-65, 574 S.E.2d at 740.

While perhaps Doe's points support an argument the statute *should* require the affidavit before filing the action, the statute simply does not provide that. *See Enos v. Doe*, 380 S.C. 295, 312, 669 S.E.2d 619, 627-28 (Ct. App. 2008) (recognizing the "uninsured motorist statute 'is remedial in nature, enacted for the benefit of injured persons, and is to be liberally construed so that the purpose intended may be accomplished'" (citation omitted)). If the General Assembly intended such a requirement, it could easily have stated the requirement in the statute. *See* S.C. Code Ann. § 15-79-125 (Supp. 2023) ("Prior to filing or initiating a civil action alleging

. . . medical malpractice, the plaintiff shall contemporaneously file . . . an affidavit of an expert witness . . . .").

Though we find the witness affidavit is not a prerequisite to filing a John Doe action, we recognize the requirement is essential to the success of the claim. Initially, therefore, we wonder why any plaintiff in such a case would not be eager to produce the affidavit at the earliest opportunity. Certainly, a John Doe defendant or the relevant insurer is entitled to have the affidavit produced promptly upon request. Our courts will not countenance the use of delay in producing the affidavit as an element of strategy. If a defendant or an insurer requests the affidavit in discovery or otherwise, and if the plaintiff does not provide the affidavit promptly, the defendant or insurer may seek relief through Rule 37(a) of the Rules of Civil Procedure (motion to compel) or, if necessary, even Rule 56(c) (motion for summary judgment).

### III. Conclusion

Subsection 38-77-170(2) does not require the witness affidavit to be filed at the time the complaint is filed. For a different reason than the court of appeals, therefore, we find the circuit court improperly dismissed Rice's claim. We affirm the court of appeals as modified and remand the case for trial.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., JAMES, J., and Acting Justice Alison R. Lee, concur. KITTREDGE, J., concurring in a separate opinion.**

**JUSTICE KITTREDGE:** I concur. I take no issue with the majority reaching "the question [of] whether compliance with the witness affidavit requirement in subsection 38-77-170(2) of the South Carolina Code (2015) is a condition precedent to the filing of a 'John Doe' civil action." Judicial economy favors a merits-based resolution. I also support and join the result reached by the majority. I write separately to note that, in my judgment, the court of appeals was correct in its determination that the issue of "timing" was heard and rejected by Judge Henderson in the initial summary judgment motion. The motion before Judge Henderson asserted "a plaintiff seeking uninsured motorist coverage . . . must produce an affidavit that complies with the statute's terms *as a condition precedent to filing suit*. The Plaintiff did not produce any affidavit until over 10 months after he filed this action. . . . [T]his affidavit was required prior to filing suit." Judge Henderson properly denied summary judgment. Subsequently, the trial judge erred in revisiting the "timing" issue and overruling Judge Henderson. While the court of appeals cannot be faulted for adhering to the rule that one circuit judge lacks authority to overrule another circuit judge on the same issue, I join the majority in reaching and resolving the merits.